NEELY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 154. Argued May 1, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 79.)

For the plaintiff in error there was a brief and oral argument by *William J. Campbell* of Milwaukee.

For the defendant in error the cause was argued by *Allen L. Samson*, deputy district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren*, attorney general, and *E. Michael McCann*, district attorney.

ROBERT W. HANSEN, J.   The defendant was convicted and sentenced on charges of burglary and possession of marijuana. Two issues are raised by writs of error. One

relates to the sufficiency of the evidence as to the marijuana conviction. The other involves the sentencing procedure as to both the burglary and marijuana charges.

*Sufficiency of evidence.*

The defendant challenges the sufficiency of the evidence, claiming that it does not sustain the conviction on the possessing marijuana charge. Here the test on review is ". . . whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had a right to believe and accept as true." [1]

The only witness for the prosecution was the arresting officer. He testified that, on the night of the arrest, he was on patrol; that he was driving his squad car 15 feet behind the automobile in which the defendant was a passenger; that he saw the passenger in the right rear seat drop a yellow container out of the car; [2] that the right rear seat passenger wore a brown sweater. The officer further testified that he then stopped the car; that the defendant was the passenger in the right rear seat; and that the defendant was wearing a brown sweater.

The only witness for the defense as to what happened was the defendant. He testified that he was the passenger in the right rear seat; that he was wearing a brown sweater; but that he did not drop the yellow container out of the car. He testified that the passenger in the right front seat of the car dropped the container with the marijuana out of the car.

The issue presented to the trial court was one of credibility. The trial court elected to believe the testi-

---

[1] *Lock v. State* (1966), 31 Wis. 2d 110, 114, 115, 142 N. W. 2d 183. *See also: State v. Davidson* (1969), 44 Wis. 2d 177, 199, 170 N. W. 2d 755; *White v. State* (1970), 45 Wis. 2d 672, 677, 173 N. W. 2d 649.

[2] It is not disputed that the yellow container contained marijuana.

mony of the police officer. He was not required to do so, but neither was he required to believe the differing testimony offered by the defendant on his own behalf. Neither defendant's counsel on appeal nor this court was present at the trial to observe the demeanor and manner of testifying of the two witnesses involved. The trial court had that opportunity and his finding that the police officer was telling the truth, and that the defendant was not, is not to be set aside here or now. The conviction is sustained by evidence in the record sufficient to prove the defendant's guilt beyond a reasonable doubt.

*Sentencing procedure.*

The defendant challenges the sentencing procedure followed by the trial court, specifically as to claimed "inaccuracies" in the presentence report submitted to the trial court. If there was merit to this challenge, the remand would be for resentencing, not for a new trial.[3] The objection here is to the inclusion of certain juvenile court appearances in the presentence report which resulted in commitments that were subsequently set aside pursuant to the *Gault* decision.[4]

Actually, the presentence report here involved did not set forth final disposition of the juvenile court cases in which the defendant was involved. The summary included was the defendant's juvenile arrest record, setting forth the dates of arrest, the complaints and the initial disposition of the case in court, quite usually an adjournment. No mention is made as to whether the defendant was, on any of the charges, committed to a state institution. At the time of sentencing, the defendant was asked if he had

[3] *State v. Tuttle* (1963), 21 Wis. 2d 147, 151, 124 N. W. 2d 9; *Jung v. State* (1966), 32 Wis. 2d 541, 545, 145 N. W. 2d 684; *York v. State* (1970), 45 Wis. 2d 550, 563, 173 N. W. 2d 693.

[4] *In re Gault* (1967), 387 U. S. 1, 87 Sup. Ct. 1428, 18 L. Ed. 2d 527.

ever been in the state boys' school, and he answered, "Yes," but this fact was not set forth in the juvenile arrest record. The arrest record contained in the presentence report was entirely accurate and nothing in *Gault* made any entry in it inaccurate. Since, however, the challenge goes to the basic purpose and permitted procedures in assembling presentence reports, we will deal with the issue as if the presentence report had contained a record of commitments as well as arrests.[5]

While the sentencing stage in the criminal process is a critical stage in the proceedings,[6] it is to be kept in mind that the use of presentence reports is intended to assist the sentencing court in determining the kind and extent of punishment to be imposed in the particular case within limits fixed by law.[7] The sentencing court has a twofold responsibility: To the individual found guilty and to the society which criminal laws are intended to protect.[8] Not only is all relevant information to be brought to the

---

[5] It should be noted that the juvenile commitments attacked were invalidated by court order dated April 14, 1970, while the sentencing here occurred on December 12, 1968.

[6] *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295; *Smith v. State* (1967), 33 Wis. 2d 695, 148 N. W. 2d 39; *Mempa v. Rhay* (1967), 389 U. S. 128, 88 Sup. Ct. 254, 19 L. Ed. 2d 336.

[7] ". . . His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial." *Williams v. New York* (1949), 337 U. S. 241, 247, 69 Sup. Ct. 1079, 93 L. Ed. 1337.

[8] "The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." *Standards Relating to Sentencing Alternatives and Procedures*, American Bar Association

attention of the sentencing judge, but considerable lati-
tude is to be permitted trial judges in obtaining and
considering all information that might aid informing an
intelligent and informed judgment as to the proper pen-
alty to be imposed.[9]

In insuring a broad scope of inquiry in presentence in-
vestigations, this court has held that even complaints as
to other offenses may be brought to the trial court's
attention as "evidence of a pattern of behavior." [10] We
have no hesitancy in holding that the juvenile record of
the defendant, as presented, was properly before the court
as such evidence of a pattern of behavior.[11] The de-
fendant cites as controlling a recent United States
Supreme Court case [12] that dealt with the use in an in-

---

Project on Minimum Standards for Criminal Justice, Approved
Draft, 1968, page 14, sec. 2.2.

[9] The Supreme Court of Illinois has aptly summarized the fac-
tors pertinent to sentencing, stating that a trial court ". . . may
inquire into the general moral character of the offender, his
mentality, his habits, his social environments, his abnormal or sub-
normal tendencies, his age, his natural inclination or aversion
to commit crime, the stimuli which motivate his conduct, . . . the
judge should know something of the life, family, occupation and
record of the person about to be sentenced." *People v. Adkins*
(1968), 41 Ill. 2d 297, 301, 242 N. E. 2d 258.

[10] "The prosecuting attorney may properly use information
relating to complaints of other offenses in his argument . . . .
These complaints are evidence of a pattern of behavior which,
in turn, is an index of the defendant's character, a critical factor
in sentencing. . . ." *Waddell v. State* (1964), 24 Wis. 2d 364, 368,
129 N. W. 2d 201.

[11] ". . . At the time of sentencing, prior involvements of a
defendant with juvenile authorities are properly before the court,
not as part of a prior criminal record, but as evidence '. . . of a
pattern of behavior which, in turn, is an index of the defendant's
character. . . .'" *Deja v. State* (1969), 43 Wis. 2d 488, 493,
168 N. W. 2d 856 [dealing in part with the consideration of juve-
nile records which had been subsequently invalidated because of
a *Gault* defect].

[12] *Burgett v. Texas* (1967), 389 U. S. 109, 88 Sup. Ct. 258, 19
L. Ed. 2d 319.

formation of an invalid conviction as a basis for a charge of violation of a repeater statute. In the present case, the prior commitments were not used to increase the sentence under a repeater statute, but were used as information related to sentencing after a valid conviction had been secured.

In summary, we conclude that the information in the presentence report as to defendant's prior arrests was entirely accurate and find no error in the trial court being informed of defendant's prior contacts with juvenile authorities, even though resulting commitments were subsequently set aside.

*By the Court.*—Judgments affirmed.