**Robert James NEELY, Petitioner,**

**v.**

**Donald L. QUATSOE, Respondent.**

**No. 70-C-367.**

United States District Court,
E. D. Wisconsin.

Aug. 27, 1970.

Robert James Neely, pro se.

Robert W. Warren, Atty. Gen. of Wisconsin, by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The petitioner seeks the issuance of a writ of habeas corpus. Mr. Neely is serving two concurrent five year sentences imposed on December 12, 1968, after being convicted of the crimes of burglary and possession of marijuana. The judgments were affirmed by the state supreme court in Neely v. State, 47 Wis.2d 330, 177 N.W.2d 79 (1970).

The petitioner challenges the sufficiency of the evidence to sustain the conviction on the possession of marijuana charge. He also contends that his rights were violated in the sentencing procedure in both convictions. As to the

latter claim, he points to the trial court's consideration of his juvenile record; it listed charges as to which adjudications of guilt were subsequently vacated.

In another branch of this court, it was determined that Mr. Neely could file his petition in forma pauperis; that court also ordered that a response to the petition be made by the warden of the prison.

## SUFFICIENCY OF THE EVIDENCE

It appears from the pleadings and the other records in this case, including several portions of the transcript of the trial, that there was evidence showing that the petitioner was the passenger in the right rear seat of a car; that he was wearing a brown sweater; and that he was the person who, in the observation of an officer, dropped a yellow container admittedly containing marijuana out of the car.

■ Mr. Neely's denial that he was such person raises a question of the credibility of the witnesses. With regard to the sufficiency of the evidence, it is my conclusion that the record in this case is not so totally devoid of evidence as to raise questions of constitutional dimensions cognizable on habeas corpus. Williams v. Wainwright, 414 F.2d 806 (5th Cir.1969); cf. Thompson v. City of Louisville, 362 U.S. 199, 80 S. Ct. 624, 4 L.Ed.2d 654 (1960).

## SENTENCING PROCEDURE

Following the petitioner's conviction of burglary, his juvenile record was produced and a presentence investigation on the burglary charge was ordered. The juvenile record listed arrests for offenses as to which commitments imposed thereon were later set aside under the decision in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1966). Sentencing was deferred until after the trial of the marijuana charge.

Later, at the time of sentencing on both convictions, the probation officer recommended that Mr. Neely not be placed on probation. The assistant district attorney concurred in that recommendation, noting that the juvenile record reflected violent conduct. On inquiry by the court, the petitioner stated that he had served time in two institutions three years earlier.

The trial court rejected the recommendation of defense counsel that the petitioner be sentenced under Section 57.-01(6), Wis.Stats.; this section provides for probation on condition of confinement during non-working hours. The trial court noted that the marijuana offense was committed while the burglary case was pending, and the court stated that it believed that the petitioner was not a fit subject for probation at that time.

The record made at the hearing on post-conviction motions, approximately one year later, sheds further light on the trial court's considerations at the time of sentencing. The trial court acknowledged that sentence had been passed after the review of an inaccurate juvenile record which reflected offenses that should have been excluded. The trial court recalled that the petitioner himself had admitted serving time in institutions, and that the probation department recommendation had been for a disposition other than probation. The court then quoted from the presentence report which showed that petitioner's adjustment in state correctional institutions and as a parolee had been poor. The trial court added the following:

"* * * this court felt that it was to the best interest of this defendant, and confirms its said judgment as of that date today, almost a year thereafter, one-thousand-fold, that the court was correct in sentencing the said defendant to an institution, as the court does not feel that his own mother, who testified here today in court, could adequately control this young man at this time and that he does need further institutional help, care and therapy."

■ Reliance at the time of sentencing on material mis-statements regard-

ing the defendant's prior record may constitute a denial of due process. Townsend v. Burke, 334 U.S. 736, 68 S. Ct. 1252, 92 L.Ed. 1690 (1948). The error is remediable on habeas corpus by remand to the state court for resentencing. United States ex rel. Jackson v. Myers, 374 F.2d 707 (3rd Cir.1967). The admission of evidence of a constitutionally defective prior conviction against a person to increase the sentence under a repeater statute was held to be a constitutional flaw. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

In the instant case, the juvenile record was before the sentencing court. It revealed certain charges as to which the subsequent prosecutions and commitments were set aside. Although the list of charges does not show the subsequent commitments, the trial court was aware of these consequences through petitioner's own assertions that he had served time in state institutions. The presentence report also contained discussion of Mr. Neely's presence in state correctional institutions.

 Upon these facts, I conclude that the writ should not be granted. The trial judge was seeking, in the words of the state supreme court, "evidence of a pattern of behavior". Even though the juvenile convictions were set aside, the trial judge, before sentencing, was entitled to inquire as to the youth's personal background, including his previous attendance at correctional institutions.

After the commitments as a juvenile were set aside, the trial judge "confirmed" Mr. Neely's sentence. Thus, as a practical matter, it would appear that the trial judge has already rejected the suggestion that he might render a different sentence now that the juvenile charges have been stricken. However, I prefer to rest my ruling on my belief that *Burgett* does not require resentencing upon the instant facts.

Both the state trial judge and the state supreme court have concluded that the setting aside of Mr. Neely's juvenile record does not invalidate his sentence in the case at bar. I agree. The claimed error, upon these facts, did not reach constitutional magnitude. It was proper for the trial judge to have inquired about Mr. Neely's background and his "pattern of behavior".

On August 13, 1970, Mr. Neely wrote to the court requesting appointment of counsel in this case. In view of the fact that the issue now before the court was earlier briefed by counsel on his behalf when the case was before the state supreme court, and because such counsel has supplied this court with a copy of such brief, I do not regard it as necessary to appoint counsel in this matter. The facts relative to this application for habeas corpus, at least regarding the matter of sentencing, are not in dispute.

Now, therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is denied.