McKNIGHT, Plaintiff in error, v. STATE, Defendant in error.

*No. State 98. Argued December 4, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 291.)

For the plaintiff in error there was a brief by *Stanley P. Gimbel* and *Gimbel, Gimbel & Boyle,* all of Milwaukee, and oral argument by *Stanley P. Gimbel.*

For the defendant in error the cause was argued by *Lee Edward Wells,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

ROBERT W. HANSEN, J.   Here, as in a very recent case raising the identical issue,[2] we hold that ". . . the juvenile record of the defendant, as presented, was properly

---

[2] *Neely v. State* (1970), 47 Wis. 2d 330, 177 N. W. 2d 79. (*See also: Neely v. Quatsoe* (E. D. C. Wis. 1970), 317 Fed. Supp. 40, 42, denying writ of habeas corpus, stating: ". . . the trial judge, before sentencing, was entitled to inquire as to the youth's personal background, including his previous attendance at correctional institutions.")

before the court as such evidence of a pattern of behavior," [3] and ". . . find no error in the trial court being informed of defendant's prior contacts with juvenile authorities, even though resulting commitments were subsequently set aside." [4] It is true that the information as to prior juvenile experiences reached the trial court in *Neely* as part of a presentence report rather than, as here, by testimony during the hearing on the guilty plea. While a presentence report may throw additional light on a defendant's total juvenile behavior pattern, we would not require that evidence of a behavior pattern be filtered through a presentence report before it can be properly considered by a sentencing court. *Neely* controls and requires affirmance.

*By the Court.*—Order affirmed.

---

[3] *Id.* at page 335. (*See also: Waddell v. State* (1964), 24 Wis. 2d 364, 129 N. W. 2d 201; *Deja v. State* (1969), 43 Wis. 2d 488, 168 N. W. 2d 856.)

[4] *Id.* at page 336. (*See also: Waddell v. State, supra,* footnote 3, at page 368, holding "The prosecuting attorney may properly use information relating to *complaints* of other offenses in his argument on sentence. . . .") (Emphasis supplied.)