TRIPLETT, Plaintiff in error, v. STATE, Defendant in error.

*No. State 176. Argued May 6, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 318.)

The cause was submitted for the plaintiff in error on the brief of *John Triplett* of Fox Lake, pro se, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, *William A. Platz* and *Robert D. Martinson,* assistant attorneys general, and *E. Michael McCann,* district attorney of Milwaukee county.

BEILFUSS, J. The sole issue presented is whether the trial court erred when imposing sentence by considering, among other matters, that portion of the presentence report listing defendant's juvenile adjudications when

there was no indication that he was represented by counsel in the juvenile court proceedings.

The defendant challenges the sentencing procedure followed by the trial court. Specifically, he objects to the inclusion of his juvenile record in the presentence report, claiming that all of his juvenile adjudications were invalid under *In re Gault* (1967), 387 U. S. 1, 87 Sup. Ct. 1428, 18 L. Ed. 2d 527, because he was not represented by counsel in the juvenile court proceedings. The reference to defendant's juvenile record during the sentencing hearing was as follows:

"*The Court*: Step forward Mr. Triplett.

"(Defendant before the bench with his counsel.)

"*The Court*: The court has heretofore found you guilty of the offense charged in the information. Is there anything you want to say why sentence should not be pronounced or before sentence is pronounced?

"*The Defendant*: No.

"*The Court*: You have a long record of minor offenses, juvenile record and an adult record involving many cases. This suggests a disregard of the law, a disregard of your obligations as a citizen. I can't overlook the fact that on the day of this trouble in this tavern you left the tavern went someplace and got a gun and came back. Can you explain that?

"*The Defendant*: Yes, I didn't go anywhere to get a gun. I went to see about getting a rule book to show—"

The rest of the questioning dealt with defendant's explanation of the facts and nothing more was said about the presentence report.

Assuming that the presentence report did include juvenile commitments which were invalid pursuant to the *Gault* decision, this question was explicitly answered by the recent decision in *Neely v. State* (1970), 47 Wis. 2d 330, 177 N. W. 2d 79, wherein this court said at pages 334–336:

". . . Since, however, the challenge goes to the basic purpose and permitted procedures in assembling presentence reports, we will deal with the issue as if the pre-

sentence report had contained a record of commitments as well as arrests.

"While the sentencing stage in the criminal process is a critical stage in the proceedings, it is to be kept in mind that the use of presentence reports is intended to assist the sentencing court in determining the kind and extent of punishment to be imposed in the particular case within limits fixed by law. The sentencing court has a twofold responsibility: To the individual found guilty and to the society which criminal laws are intended to protect. Not only is all relevant information to be brought to the attention of the sentencing judge, but considerable latitude is to be permitted trial judges in obtaining and considering all information that might aid in forming an intelligent and informed judgment as to the proper penalty to be imposed.

"In insuring a broad scope of inquiry in presentence investigations, this court has held that even complaints as to other offenses may be brought to the trial court's attention as 'evidence of a pattern of behavior.' We have no hesitancy in holding that the juvenile record of the defendant, as presented, was properly before the court as such evidence of a pattern of behavior. The defendant cites as controlling a recent United States Supreme Court case that dealt with the use in an information of an invalid conviction as a basis for a charge of violation of a repeater statute. In the present case, the prior commitments were not used to increase the sentence under a repeater statute, but were used as information related to sentencing after a valid conviction had been secured.

"In summary, we conclude that the information in the presentence report as to defendant's prior arrests was entirely accurate and find no error in the trial court being informed of defendant's prior contacts with juvenile authorities, even though resulting commitments were subsequently set aside." *See also: Neely v. Quatsoe* (E. D. C. Wis. 1970), 317 Fed. Supp. 40; *McKnight v. State* (1971), 49 Wis. 2d 623, 182 N. W. 2d 291; *Deja v. State* (1969), 43 Wis. 2d 488, 168 N. W. 2d 856; *Waddell v. State* (1964), 24 Wis. 2d 364, 129 N. W. 2d 201.

The defendant cites and relies on *Burgett v. Texas* (1967), 389 U. S. 109, 88 Sup. Ct. 258, 19 L. Ed. 2d 319, as authority to support his argument.

*Burgett* is clearly distinguishable upon its facts and is not in point in deciding the issue of this case.

In *Burgett* the defendant was charged with assault with intent to murder and with four additional counts of past criminal acts under the Texas repeater statute which provided for a life sentence if found guilty.

Evidence of these prior convictions was presented to the jury before a finding of guilt.

Here, the defendant was not charged with a repeater statute. The maximum period of confinement under the statute remained the same. Further, the defendant in this instance pled guilty and was found guilty before evidence of his prior record reached the judge. Therefore, neither the finding of guilt nor the permissible maximum of the sentence was in any way changed by a prior juvenile record (faulty or not) of the defendant.

We conclude that it was not error to inform the trial court of the defendant's juvenile record, even though some or all of the commitments which it included may have been invalid under the *Gault* decision, because we think it apparent from the record that the trial court considered it only as a part of the pattern of behavior of the defendant as an aid in sentencing. Further, a review of the entire record reveals that the trial court went to considerable lengths to insure the plea was intelligently and voluntarily made and that facts of the offense and defendant's background and general behavior were made apparent. We are convinced the sentence imposed was eminently fair.

*By the Court.*—Judgment affirmed.