CHAMBERS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 188. Argued March 2, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 477.)

---

462

For the plaintiff in error there was a brief and oral argument by *Burton B. Polansky* of Milwaukee.

For the defendant in error the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J.  The defendant, in effect, appeals from the sentence.  He asserts (1) that there was an abuse of discretion by the trial court in the sentencing process, and (2) that the lack of the presentence report in the appeal record constitutes error.

On March 12, 1970, the defendant Chambers was nineteen years of age and had completed the 11th grade in high school.  He had only recently been released from custody of a juvenile institution where he had been confined because of past juvenile acts, including armed robbery.

On that day he and two juveniles, aged sixteen and seventeen, drove an automobile to a service station on Wisconsin Avenue in Milwaukee at about 11:40 p. m.  One of the juveniles remained in the automobile.  Chambers and the other approached the station attendant.  Chambers put his hand inside his topcoat at the left chest area and stated, "You have heard of a holdup.  Well this

is it. Give me all of the money." They took $140 in cash and five books of green stamps and fled in the car driven by the other juvenile. Chambers received about $35 of the robbery proceeds.

At the time of the plea there was no proof that Chambers was in fact armed. However, his gesture in putting his hand inside his coat in an area where a handgun is frequently concealed, together with the statement that this was a "holdup," leads to an almost conclusive inference that Chambers intended to have his victim believe he was armed and prepared to use a dangerous weapon, if necessary, to perpetrate his unlawful design. In any event, he was not charged with armed robbery which is a related but different crime. Sec. 943.32 (1), (2), Stats.

The defendant, through his appellate counsel, claims that the sentence imposed was the result of improper considerations and was therefore an abuse of discretion. Specifically, he complains of the fact that the defendant's trial counsel, the trial court, and an assistant district attorney engaged in an acrimonious colloquy to the defendant's detriment.

The facts which gave rise to the incident are as follows: At the same time as the proceeding at hand was pending, the defendant had been charged with five additional misdemeanors because of his activities on March 15, 1970. These charges were pending in one of the branches of the county court of Milwaukee county. In the interval between the plea of guilty and the sentencing in this case, the defendant and his counsel appeared in county court, advised the county judge of this proceeding and a probable sentence (exactly what sentence is in dispute). The misdemeanor charges were dismissed. Judge COFFEY, the trial judge in this matter, was informed of the dismissals and emphatically disapproved and chastised counsel. However, upon inquiry by Judge COFFEY, the assistant district attorney advised him that the defendant

Chambers would be rearrested on the misdemeanor charges. Judge COFFEY thereafter specifically stated the disposition of the misdemeanor charges would in no way affect the sentence to be imposed in this case. While this incident was unfortunate, a reading of the record convinces us that it was not prejudicial to the defendant.

In *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, this court considered at length the power of this court to review sentences and set forth some guidelines for the court in formulating a record that can be reviewed. We stated therein that the trial court should set forth its reasons for the imposition of the sentence imposed. Even though the sentence here was imposed before *McCleary* was decided, we believe that the trial court adequately stated valid reasons for the sentence imposed, that the sentence was justified under the facts appearing in the record, and that no abuse of discretion appears.

The statutory maximum penalty for robbery is ten years—a sentence of four years was imposed. The defendant overtly gave the victim reason to believe he was armed and would use force if necessary—his actions resulted in the victim giving him the robbery proceeds.

The record reveals Judge COFFEY examined the defendant and commented as follows:

"*Court:* Mr. Chambers, you admit you had contact with the Milwaukee County Juvenile Court on 12/21/56 for disorderly conduct; 7/25/66, attempted burglary; 2/20/67, littering, attempted burglary and possession of burglarious tools; three months thereafter, 7/28/67, forgery; 10/4, drunk and disorderly; 10/13/67, armed robbery. Is that all accurate?

"*Defendant:* Yes, it is all accurate. That armed robbery, I did time for that already.

"...

"*Court:* Let the court record indicate that this court is taking into consideration the defendant's prior juvenile record, the court recites as said earlier the court does not feel that the magic age of 18 wipes out all previous con-

tact with the law. . . . The court does take such into consideration . . . ."

This court has stated that in imposing sentence the trial court may properly take into consideration the defendant's prior juvenile record as evidence of a pattern of behavior.[1]

We have no difficulty in concluding that Judge COFFEY did not base the sentence upon improper considerations and that reasons stated, together with the other undisputed facts, amply justify the sentence imposed.

The defendant contends that because a presentence investigation was made and a report prepared and used by the trial court it must be made a part of the record. We have stated, in prior cases,[2] the importance of including presentence reports in the record for the purpose of appellate review when used by the trial court in the imposition of sentence. We agree the trial court does have an obligation to make the report a part of the record if it was in fact used in the sentencing procedure.

In this case it is clear that a presentence report was used and that it is not a part of the appeal record. We do not consider the failure to include the report to be reversible error in this case because the court gave a copy to defendant and his counsel for their use, and because it appears they used it and were given an opportunity to correct any errors or make other explanation or comment.

In addition, we are of the opinion that this issue is not properly before this court. The record contains a stipulation by defendant's counsel that the transcript contains "all of the testimony and evidence introduced." Even if this stipulation approving the transcript falls

---

[1] *Deja v. State* (1969), 43 Wis. 2d 488, 168 N. W. 2d 856; *Neely v. State* (1970), 47 Wis. 2d 330, 177 N. W. 2d 79; *McKnight v. State* (1971), 49 Wis. 2d 623, 182 N. W. 2d 291.

[2] *Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521; *Denny v. State* (1970), 47 Wis. 2d 541, 178 N. W. 2d 38.

into the category of procedural formality, it is incumbent upon the defendant to request by motion in the trial court that the presentence report be made a part of the record (at a time when the deficiency can easily be corrected) before he will be heard to complain the report is not a part of the record for review on appeal.

*By the Court.*—Judgment affirmed.