STATE of Wisconsin EX REL. S.M.O., a person under the age of 18 : S.M.O., Appellant,

v.

Catherine RESHESKE, Waukesha County Juvenile Court Clerk, and Honorable Harry G. Snyder, presiding, Waukesha County Court, Respondents.

Court of Appeals

*No. 82–2239–W. Submitted as petition for writ of mandamus November 16, 1982.—Decided December 31, 1982.*
(Also reported in 329 N.W.2d 275.)

448

For the appellant there was a petition for writ of mandamus submitted by *Mary E. Waitrovich,* assistant state public defender, of Madison.

For the respondents there was a response to the petition for writ of mandamus submitted by *Mark S. Gempeler,* corporation counsel, and *David Becker,* assistant attorney general.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   S.M.O., a person under the age of eighteen, moved this court to enter an order directing the Waukesha County Juvenile Court Clerk to comply with counsel's request for a copy of the juvenile court record. Construing the motion as a petition for a writ of mandamus, this court ordered the clerk and the juvenile court judge, the Honorable Harry G. Snyder, to submit responses pursuant to Rule 809.51(2), Stats. Having reviewed the responses and a reply to the responses, we conclude that the petition should be granted.

S.M.O. was adjudged delinquent and ordered placed in the Lincoln Hills School on September 27, 1982. On October 26, 1982, an assistant state public defender was appointed to represent S.M.O. in seeking relief from the placement order. The following day, the public defender

submitted a written request for the record to the juvenile court clerk, pursuant to sec. 967.06, Stats. The public defender was informed that Judge Snyder would allow the public defendant to inspect the record in the Waukesha county court house but would not allow the record or a copy to be sent to the public defender.

The public defender then sent a letter to Judge Snyder, dated November 3, 1982, requesting the release of the record. A few days later, the public defender was again informed that Judge Snyder refused to allow the release of the record. The motion, which we construe to be a petition for a writ of mandamus seeking an order directing the release of the record, was filed with this court on November 16, 1982.

It is well-recognized that mandamus will not lie unless the following requirements are met: (1) a clear legal right; (2) a plain and positive duty; (3) substantial damages or injury should the relief not be granted, and (4) no other adequate remedy at law. *Law Enforcement Standards Board v. Lyndon Station,* 101 Wis. 2d 472, 494, 305 N.W.2d 89, 99 (1981). Mandamus is the appropriate remedy to compel public officers to perform duties arising out of their offices and due to be performed. *Id.*

S.M.O. contends that her counsel has a clear legal right to the juvenile court record and the respondents have a plain and positive duty to release the record based on sec. 967.06, Stats., as recently amended by sec. 1823, ch. 20, Laws of 1981, which provides:

As soon as practicable after a person has been detained or arrested in connection with any offense which is punishable by incarceration, or in connection with any civil commitment proceeding, or in any other situation in which a person is entitled to counsel regardless of ability to pay under the constitution or laws of the United States or this state, the person shall be informed of his or her right to counsel. Persons who indicate at any time

that they wish to be represented by a lawyer, and who claim that they are not able to pay in full for a lawyer's services, shall immediately be permitted to contact the authority for indigency determinations specified under s. 977.07 (1). *In any case in which the state public defender provides representation to an indigent person, the public defender may request that the applicable court reporter or clerk of courts prepare and transmit any transcript or court record. The request shall be complied with.* The county treasurer shall compensate the court reporter or clerk of courts for the preparation and transmittal of the documents, upon the written statement of the state public defender that the documents were required in order to provide representation to the indigent person. [Emphasis added.]

The respondents assert that sec. 967.06, Stats., does not provide for a plain and positive, or clear and unequivocal duty to release the record to the public defender.[1] Their argument is two-pronged. First, they assert that sec. 967.06 is ambiguous. Second, they assert that sec. 967.06 is in conflict with sec. 48.396, Stats., of the juvenile code, which controls the release of records in juvenile cases.

The respondents contend that sec. 967.06, Stats., is ambiguous with respect to the precise duty of the clerk of courts. Although conceding that the clerk is required to transmit the record upon request of the public defender, the respondents assert the statute is ambiguous because it does not expressly state to whom the record is to be transmitted.

While conceding that the statute may be viewed as requiring a transmittal to the public defender, the respondents assert that an equally plausible alternative is available—that the record is to be transmitted to the clerk of the court of appeals. Although the respondents

---

[1] The respondents do not argue that the other criteria for mandamus are not present. We conclude they are and limit our discussion to the question of the existence of a clear and positive duty.

present an involved analysis to support this alternative, we find it more strained than plausible.

It is argued that the word "transmit" has a particular meaning in the statutes. The respondents give several examples of statutes where the transmittal is from the clerk of one court to the clerk of another court.[2] In particular, the respondents note that an attorney general's opinion issued prior to the amendment of sec. 967.06, Stats., adopted the particular interpretation of "transmit" now urged on this court. 69 Op. Att'y Gen. 63 (1980).

Although we acknowledge that, as a general rule, words which have a peculiar meaning in the law should be construed according to that meaning, sec. 990.01(1), Stats., and that opinions of the attorney general may be considered to determine legislative intent, *Wisconsin Valley Improvement Co. v. Public Service Commission,* 9 Wis. 2d 606, 617, 101 N.W.2d 798, 803 (1960), we do not find these factors to be significant in this case. A number of considerations lead us to conclude that the respondents' position is unreasonable and not in accord with the intent of the legislature.

We begin with the premise that the provisions of sec. 967.06, Stats., concerning requesting and transmitting the record, are intended to make the record, which is essential to an informed post-conviction or appellate strategy, easily accessible to the public defender. This is reflected in the fact that the statute makes transmittal mandatory upon request of the public defender. We also note that the statute provides compensation for the preparation and transmittal of the record "upon the written statement of the state public defender that the documents

---

[2] For example, Rules 809.15(4), 809.26(1), 809.26(2), and 809.30 (1)(i), Stats.

were required in order to provide representation to the indigent person."

A problem with the respondents' analysis is that it does not ensure that the record will be readily accessible to the public defender. Transmittal to the clerk of this court would not make the record accessible to public defenders outside the Madison area. Public defenders are located in Milwaukee and many other areas of the state. A transmittal to the clerk of the court of appeals might actually make the record more inaccessible than it already is.

We note that a request for the record might be based on plans to initiate post-conviction proceedings in the trial court. In situations like that, where an appeal is not contemplated, it makes little sense to transmit the record to this court. And, of course, when an appeal is taken, the record is transmitted to this court in any event.

Section 967.06, Stats., states that the public defender may request the reporter or clerk to prepare and transmit any transcript or court record. This coupling of the transcript and record argues against the respondents' interpretation of "transmit." A defendant is clearly entitled to a copy of the transcript. Rule 809.30 (1) (c), Stats. If the peculiar meaning of "transmit" was adopted, sec. 967.06 would contradict the right to a transcript guaranteed elsewhere.

We think it is clear that sec. 967.06, Stats., provides that upon request, the public defender shall be provided with the record or a copy thereof. The failure of the statute to expressly say this is merely the failure to state the obvious. The context of the statute shows as much. We do not find the statute to be ambiguous.

Even if we could find ambiguousness in the statute, we would reject the respondents' assertions. An analysis

by the Legislative Reference Bureau of the proposed legislation later adopted as an amendment to sec. 967.06, Stats., provides in pertinent part:

This proposal specifies that the state public defender may request the preparation of a transcript or court record regarding a case he or she is handling, and that the court reporter or clerk of courts shall comply with the request and shall send the document to the state public defender.

Materials such as this analysis are properly subject to judicial notice. *State ex rel. Strykowski v. Wilkie,* 81 Wis. 2d 491, 504, 261 N.W.2d 434, 440–41 (1978).

The respondents' interpretation of sec. 967.06, Stats., flies in the face of this analysis, which we conclude is completely consistent with the phrasing of the statute. Section 967.06 provides that the record shall be transmitted to the public defender upon its request.

The second argument raised by the respondents is that sec. 967.06, Stats., does not apply in juvenile cases. Section 48.396(2), Stats., of the juvenile code provides that court records are not open to inspection or disclosure except by order of the juvenile court. The respondents argue that even if sec. 967.06 allows a public defender to obtain the record, this general rule is overruled by the specific rule of sec. 48.396(2) requiring permission of the juvenile court.

We acknowledge the rule that where a general statute conflicts with a specific statute, the specific statute prevails. *State v. Smith,* 106 Wis. 2d 151, 159, 316 N.W. 2d 124, 128 (Ct. App. 1982). However, we disagree with the respondents' characterization of sec. 48.396(2), Stats., as specific and sec. 967.06, Stats., as general.

Section 48.396(2), Stats., provides that records in juvenile cases are closed to anyone without judicial per-

mission. Section 967.06, Stats., provides that in "any case" where a public defender represents an indigent, the public defender may request the preparation and transmittal of "any . . . court record." Section 48.396 (2) sets forth the general rule that juvenile records are closed. Section 967.06 sets forth a specific rule which applies to any record in any case in a limited situation— where the public defender is representing an indigent.

Accordingly, sec. 967.06, Stats., takes precedence over sec. 48.396 (2), Stats. Furthermore, we do not find this inconsistent with the policy favoring confidentiality of juvenile records. It cannot be seriously argued that an attorney should not have access to a client's record.

In summary, sec. 967.06, Stats., provides a public defender with the right to request and receive the record of an indigent client.[3] It is the duty of the juvenile court clerk to comply with the request and transmit the record to the public defender. While the respondents have exhaustively argued to the contrary, we do not find that duty to be less than clear. The grounds for mandamus are satisfied.

*By the Court.*—Petition granted. Catherine Resheske, Clerk of the Waukesha County Juvenile Court, shall forthwith prepare the record and transmit it or a certified copy thereof to the public defender.

---

[3] We are of the view that a certified copy of the record would satisfy the requirement.