GARY I. GATES, Secretary Department of Employe Trust Funds
You request my opinion regarding the authority of the Claims Board to determine a claim relating to the Wisconsin Retirement System (WRS) and to award payment from WRS trust funds.
The facts upon which your questions are based are summarized in this excerpt from the January 31, 1985, findings and recommendations of the Claims Board:
 Ken Corbett of Oshkosh, Wisconsin, claims $728.25 as the amount he paid in December, 1983, prior to his retirement, to purchase the six-month qualifying period of state service pursuant to s. 40.02 (17)(b), Stats., to increase his monthly retirement annuity. 1983 Wisconsin Act 141, effective March 9, 1984, changed the maximum annuity benefit permitted to be paid from the retirement system. As a result, claimant received no additional annuity benefit for the purchase of the six-month qualifying period of state service from the Department of Employe Trust Funds. Laws under which the state retirement system is administered do not provide for the refund claimant is requesting. The Board concludes the claim should be paid based on equitable principles. The Board further concludes under authority of s. 16.007 (6m), Stats., payment of this claim should be made from the Department of Employe Trust Funds appropriation s. 20.515 (1)(r), Stats.
Section 16.007 (1), Stats., grants the authority to the Claims Board to "receive, investigate and make recommendations [to the Legislature] on all claims presented against the state which are referred to the board by the department [of administration]." Where the claim is not more than $1,000, the Claims Board may order it paid (without referring it to the Legislature) and may *Page 194 
specify the specific appropriation from which it should be paid. Sec. 16.007 (6)(a), Stats.
Section 40.03 (1)(j) authorizes the Employe Trust Funds (ETF) Board to "accept appeals . . . from determinations . . . made by the department [of employe trust funds]." Review of the ETF Board decision is by writ of certiorari from circuit court. Sec. 40.08
(12), Stats.
I now answer your questions based upon the facts as set forth above with the additional assumptions you request in certain of the questions.
Your first question asks:
 Do the specific appeal procedures provided for the Public Employe Trust Funds . . . take precedence over the general grant of authority to the Claims Board to review and dispose of claims against the . . . state?
The answer to this question is no, since I find no such limitation in the authority granted to the Claims Board. Nothing in the grant of authority to the Claims Board limits it to considering only those claims which have been turned down under other specified methods of review.
Generally, a claim against a state agency would be handled under a specific statutorily designated procedure or the general procedure of chapter 227. In section 16.007, however, the Legislature granted the authority to the Claims Board to "receive, investigate and make recommendations [to the Legislature] on all claims presented against the state which are referred to the board by the department [of administration]." There is nothing in that grant of authority limiting it to claims that have first followed another specified administrative procedure.
It must be further noted that the basis for the award (equity) is not within the area of authority granted to the ETF Board and the board thus lacked any basis to consider this requested relief. The Department of Employe Trust Fund's (DETF) refusal to pay the claim was stated as follows in a letter from administrator Patricia F. Weigert to Mr. Corbett, dated March 23, 1984:
 . . . . the statutes contain no provision for refunding payments which were made to purchase qualifying service. *Page 195 
 I'm sorry to have to deny your request, but as I stated earlier, the law does not permit refunds of this kind under circumstances where you were properly advised at the time you took action.
Mr. Corbett did not proceed under the administrative procedure to appeal the DETF denial to the ETF Board but instead filed his claim with the Claims Board. alleging in part:
 Briefly, I again would like to state the provision to purchase the six months qualifying period was designed to be of benefit to the employe.
 If it wasn't of benefit, morally it should be returned — it wasn't meant to be a tax or penalty.
After hearing Mr. Corbett's claim, the Claims Board recognized that "[l]aws under which the state retirement system is administered do not provide for the refund claimant is requesting." The Claims Board then concluded that "the claim should be paid on equitable principles." While the Claims Board has specific authority to pay a claim on equitable grounds, the ETF Board lacks such authority. It is thus clear that a hearing before the ETF Board requesting equitable relief would be futile since the ETF Board could not grant the relief.
The Wisconsin Supreme Court has generally held that "where a statute relating to an administrative agency provides a direct method of judicial review of agency action, such method of review is generally regarded as exclusive, especially where the statutory remedy is plain. speedy, and adequate." Kegonsa Jt.Sanit. Dist. v. City of Stoughton, 87 Wis.2d 131, 145.274 N.W.2d 598 (1979). This "exhaustion of remedies" rule does not apply, however, where the agency lacks the authority to grant the relief requested. Nodell Inv. Corp. v. Glendale, 78 Wis.2d 416. 424-26, 254 N.W.2d 310 (1977). "Recourse to the [ETF Board] would thus have been a futile or useless act" (footnote omitted) and not required by the "exhaustion of remedies" rule. Kaiser v. Cityof Mauston, 99 Wis.2d 345, 354, 299 N.W.2d 259 (Ct.App. 1980).
Mr. Corbett filed his claim with the Claims Board without appealing to the ETF Board. You ask whether the result would be different if Mr. Corbett appealed the department's determination to the ETF Board. the board's decision was against the claimant. and the claimant then filed a claim with the Claims Board, rather than *Page 196 
appealing the ETF Board's decision via certiorari. I see no different result.
As previously stated, the grant of authority to the Claims Board "to receive, investigate and make recommendations on all claims" presented to it, is not limited to those claims that have gone through other specified administrative procedures. Even if the grant of authority were construed to be so limited, the limitation would not apply to claims solely in equity such as the instant situation. The ETF Board lacked the authority to grant Mr. Corbett's claim on equity grounds. Thus, the statutorily provided administrative procedure, including review by the circuit court of the ETF Board denial, provided no remedy. since the ETF Board could not grant the equity claim, recourse to the board and review by certiorari of the decision of the board would have been a futile act and one not required by the doctrine of exhaustion of remedies. Kaiser, 99 Wis.2d at 352-54.
You next question whether the Claims Board is authorized to pay the claim from the Public Employe Trust Fund. In my opinion, the authority to pay from the trust fund is solely granted to the ETF Board, and the Claims Board, therefore, lacks authority to order payment from the fund.
Section 40.01 (2) describes the public employe trust funds and the ETF Board trusteeship as follows:
 The public employe trust fund is a public trust and shall be managed, administered, invested and otherwise dealt with solely for the purpose of ensuring the fulfillment at the lowest possible cost of the benefit commitments to participants, as set forth in this chapter, and shall not be used for any other purpose. Revenues collected for and balances in the accounts of a specific benefit plan shall be used only for the purposes of that benefit plan, including amounts allocated under s. 40.04 (2), and shall not be used for the purposes of any other benefit plan. Each member of the employe trust funds board shall be a trustee of the fund and the fund shall be administered by the department of employe trust funds. All statutes relating to the fund shall be construed liberally in furtherance of the purposes set forth in this section.
The appropriations that establish and maintain the trust fund are specific as to both the source and usage of the fund. That usage *Page 197 
does not include equitable claims such as we are concerned with in this opinion. In contrast, section 16.007 authorizes the Claims Board to determine or recommend that a claim be paid from any specific appropriation in the words:
 (5) . . . If the claims board determines to pay or recommends that a claim be paid from a specific appropriation or appropriations, it shall include that determination or recommendation in its conclusions.
 (6m) The claims board, . . . may specify that a claim shall be paid from a specific appropriation or appropriations. If a claim requires legislative action, the board may recommend that the claim be paid from a specified appropriation or appropriations. If no determination is made as to the appropriation or appropriations from which a claim shall be paid, the claim shall be paid from the appropriation under s. 20.505 (4)(d).
"[W]here a general statute conflicts with a specific statute, the specific statute prevails." State ex rel. S.M.O.,110 Wis.2d 447, 453, 329 N.W.2d 275 (Ct.App. 1982). The general language of section 16.007 (5) and (6m) authorizing the Claims Board to order or recommend a claim to be paid from an agency's appropriation does not prevail over the specific language of section 40.01 (2) granting sole management over the trust fund to the ETF Board.
When confronted with a statutory inconsistency of this nature, the statutes should be harmonized to give effect to all of the provisions. Glinski v. Sheldon, 88 Wis.2d 509, 519,276 N.W.2d 815 (1979). The statutory authority of the Claims Board and ETF Board can be properly harmonized by construing the statutory sections to allow the Claims Board to determine whether equity requires a return of a deposit, but then requiring payment only from the general fund. General fund payment is specifically authorized by the last sentence of section 16.007 (6m).
Harmonizing these two statutes in that manner also dispels any doubt about the constitutionality of section 16.007 when applied to trust fund monies. As stated in Wipperfurth v. U-Haul Co. ofWestern Wis., Inc., 98 Wis.2d 516, 522, 297 N.W.2d 65 (Ct.App. 1980): "One of the most fundamental rules of statutory construction requires the court to not only construe a statute to avoid any construction that renders the statute unconstitutional, but also to construe *Page 198 
the statute to dispel any serious doubts concerning its constitutionality." (Footnote omitted.)
Section 40.19 (1) explicitly mandates that the rights exercised and benefits accrued for services rendered by fund participants shall be due as a "contractual right." That contractual right includes earnings from the trust funds where those earnings affect a benefit (additional deposits, separation benefit, death benefit). State Teachers' Retirement Board v. Giessel,12 Wis.2d 5, 10, 106 N.W.2d 301 (1960). If a payment on "equitable grounds" were deducted from the trust funds, the resulting loss of earnings to the fund could violate contractual rights of fund members. To avoid this doubt as to the constitutionality of the Claims Board ordering payment from the trust fund, I construe section 16.007 as allowing payment only from the general fund.
The Claims Board concluded that the refund payment should be made from section 20.515 (1)(r), the general appropriation covering "[a]ll moneys credited to the public employe trust fund for payment from the appropriate accounts and reserves." You ask whether the Claims Board could have properly specified the refund payment to be paid from the sum sufficient appropriation of section 20.515 (1)(a). This section is by its specific language limited to sum sufficient payment of benefits authorized by section 40.02 (17)(d)2. (creditable service for certain protective occupation participants) and section 40.27 (1) (supplemental benefits). Based upon the specificity of that sum sufficient appropriation, I see no basis to include the refund payment which is the subject of this opinion within the limited area covered by section 20.515 (1)(a).
BCL:WMS