STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven P. DRESEL, Defendant-Petitioner.

Court of Appeals

*No. 86–1887–CR. Submitted on briefs November 26, 1986.—*
*Decided January 20, 1987.*

(Also reported in 401 N.W.2d 855.)

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Steven Dresel appeals an order denying his attorney's motion for a copy of the preliminary examination transcript at county expense. The trial court concluded that it was not necessary to give the public defender his own copy of the transcript because the original transcript was available at the clerk's office for his use. Because we conclude that sec. 967.06, Stats., requires the county to provide free transcripts to the state public defender, we reverse the trial court's order.

Section 967.06[1] provides that in any case where the public defender provides representation to an indigent person, the public defender may request that the court reporter or clerk of courts prepare and transmit any transcript at county expense. This statute unambiguously requires the county to provide

---

[1]Section 967.06, Stats., provides in part:

In any case in which the state public defender provides representation to an indigent person, the public defender may request that the applicable court reporter or clerk of courts prepare and transmit any transcript or court record. The request shall be complied with. The county treasurer shall compensate the court reporter or clerk of courts for the preparation and transmittal of the documents, upon the written statement of the state public defender that the documents were required in order to provide representation to the indigent person.

462

the state public defender with a copy of the transcript of the preliminary examination.

The state argues that "transmit" might be interpreted to mean that the transcript, once prepared by the court reporter, should be transmitted to the clerk of courts. This interpretation is not consistent with the plain language of the statute or with existing case law. Because the statute requires the court reporter or clerk of courts to prepare and transmit the transcript, the transmittal cannot refer to sending the document to the clerk of courts. Furthermore, this court concluded in *State ex rel. S.M.O. v. Resheske*, 110 Wis. 2d 447, 452, 329 N.W.2d 275, 277–78 (Ct. App. 1982), that sec. 967.06 requires the court reporter or clerk to send the public defender a separate copy of the transcript.

The trial court relied on *State v. Schneidewind*, 47 Wis. 2d 110, 115, 176 N.W.2d 303, 306 (1970), in which the court held that the equal protection clause of the fourteenth amendment is satisfied by making reasonably available the original transcript of the preliminary hearing. *Schneidewind* set out the minimal constitutional requirements for providing transcripts. Section 967.06 creates a statutory right expanding the minimal constitutional rights set out in *Schneidewind*.

The trial court also relied on the portions of sec. 970.05, Stats.,[2] that require the party ordering addi-

---

[2]Section 970.05, Stats., provides:

Testimony at preliminary examination. The testimony at the preliminary examination shall be transcribed if requested by the district attorney or the defendant or ordered by the judge to whom the trial is assigned. The reporter shall file such transcript with the clerk within 10 days after it is requested. When a

463

tional copies of a preliminary examination transcript to pay for the additional copies. We conclude that the general rule regarding payment for preliminary examination transcripts set out in sec. 970.05 is superseded by the more specific rules set out in sec. 967.06 that requires county payment for the transcripts when they are ordered by the state public defender. Where there is a conflict between two statutes, the specific statute controls over the general statute. *See State v. Graf*, 72 Wis. 2d 179, 181, 240 N.W.2d 387, 389 (1976).

We sympathize with the trial court's position because often the transcript of the preliminary examination is wasted. Consequently, counties are paying for the transcript and have no control over unnecessary expenditures that occur if the right to a transcript granted under this statute is abused. If the legislature wishes to impose some financial accountability on the public defender's office and thus avoid unnecessary requests for transcripts, it should amend the statutes to require that the public defender's office be responsible for including these costs in its budget. Nonetheless, the legislature has determined that the county should pay for transcripts ordered by the state public defender.

*By the Court.*—Order reversed.

---

transcript is requested, the county shall pay the cost of the original and any additional copies shall be paid for at the statutory rate by the party requesting such copies.