STATE EX REL. Kurearete OLIVER, Petitioner,

v.

Hon. Michael D. GUOLEE, Circuit Judge Milwaukee County Circuit Court, Branch 32, Respondent.

Court of Appeals

*No. 93–1293–W. Submitted on petition May 14, 1993.—Decided September 21, 1993.*

(Also reported in 507 N.W.2d 145.)

For the petitioner there was a petition for writ of mandamus by *Elizabeth E. Stephens,* assistant public defender.

For the respondent there was a response by *James H. McDermott,* assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SCHUDSON, J.   Kurearete Oliver petitions the court for a writ of mandamus against the Milwaukee County circuit court, the Hon. Michael D. Guolee, presiding. Specifically, Oliver asks the court to order the circuit court to provide his postconviction counsel with a copy of the presentence investigation report (PSI) prepared in his case. Rather than providing counsel with a copy of the PSI, the circuit court ordered that a copy be sent to Room 578 of the Safety Building, the courtroom where Judge Guolee presided, where counsel could then review the report.

This court ordered the circuit court to respond to the petition and the attorney general's office has filed a response. Upon review of the petition and the response, we conclude that the petition should be granted.

## BACKGROUND

Oliver was convicted of felony murder as a party to the crime. Prior to sentencing, the trial court ordered a presentence investigation pursuant to sec. 972.15, Stats. The court sentenced Oliver to forty years imprisonment.

Oliver filed a notice of intent to pursue postconviction relief and, pursuant to ch. 977, Stats., the state public defender appointed postconviction counsel for Oliver. Counsel sent a letter to the trial court. In her

letter, Oliver's counsel stated that she wished to review the PSI and assured the court that the PSI would remain confidential in accord with sec. 972.15(2), Stats. Oliver's attorney attached a proposed order for the trial court's signature ordering release of a copy of Oliver's PSI to her.

Instead of signing the proposed order, the trial court entered an order requiring release of a copy of the PSI to the court and stating that postconviction counsel could review the report in "Room 578 of the Safety Building." That order gave rise to the instant petition.

## DISCUSSION

■

For supervisory relief, a petitioner must show the following: (1) a clear legal right to the action sought; (2) a positive and plain duty to be enforced; (3) substantial injury if relief is not afforded; and (4) no other adequate remedy at law. *See, e.g., Law Enforcement Standards Bd. v. Village of Lyndon Station*, 101 Wis. 2d 472, 493-94, 305 N.W.2d 89, 99 (1981).

In his petition, Oliver argues that his counsel has a clear legal right to obtain a copy of his PSI and that the trial court has a positive and plain legal duty to provide his counsel a copy. In support of this contention, he notes that PSIs are part of the court record. *See Chambers v. State*, 54 Wis. 2d 460, 465, 195 N.W.2d 477, 480 (1972). Oliver then notes that sec. 967.06, Stats., provides, in pertinent part, that, in cases where a public defender is appointed, "the public defender may request that the applicable court reporter or clerk of courts prepare and transmit any transcript or court record." The statute then states that "[t]he request shall be complied with."

Oliver concedes that sec. 972.15(4), Stats., provides that PSIs are to remain confidential and are not to be disclosed to anyone without judicial permission. However, he maintains that sec. 967.06, Stats., takes precedence over sec. 972.15(4).

In its response,[1] the circuit court disagrees with postconviction counsel's analysis. It contends that sec. 967.06, Stats., only requires the clerk of courts to provide the public defender with copies of record documents. It contends that a trial court has no specific obligation under sec. 967.06 to comply with the public defender's requests. Therefore, it suggests that it had no plain legal duty to provide postconviction counsel with a copy of the PSI.

In addition, the circuit court contends that sec. 972.15(4), Stats., gives it discretion regarding the release of a PSI. Section 972.15(4) provides, in perti-

---

[1] We note that this is the third petition addressing this issue to be put before this court in recent months. This court granted the prior two petitions by summary order after receiving a lengthy brief setting forth five arguments in opposition to the petitions for mandamus relief.

The circuit court's response in the instant petition was received after this court granted the prior two petitions. That response is in letter form and indicates that the circuit court's argument was fully explained in its brief in opposition to the earlier petitions. It indicates that it would present the same arguments in opposition to Oliver's petition except that it believed it to be an exercise in futility to re-present the same arguments this court had already rejected.

Because it appears that the law in this area requires some clarification and because the circuit court indicates that it would pose the same arguments against the petition as it did in the earlier petitions, this court will incorporate the arguments made in opposition to the earlier petitions into the discussion here.

nent part, that "[a]fter sentencing, unless . . . ordered by the court, the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court." The circuit court contends that sec. 972.15(4) is a specific statute governing presentence reports and that sec. 967.06 is a general statute allowing the public defender to obtain the record. It contends that the specific statute granting it discretion regarding the dissemination of the PSI overrides the general statute permitting the public defender to obtain a copy of the record. *See State v. Smith*, 106 Wis. 2d 151, 159, 316 N.W.2d 124, 128 (Ct. App. 1982) (where a general statute conflicts with a specific statute, the specific statute prevails). Therefore, the circuit court contends that its decision to limit access to the PSIs was well within its discretion.

This latter argument was the precise argument before this court in *State ex rel. S.M.O. v. Resheske*, 110 Wis. 2d 447, 329 N.W.2d 275 (Ct. App. 1982), although that case involved the confidentiality of juvenile records. S.M.O. was adjudged delinquent and, under the dispositional order, was placed in the Lincoln Hills School. An assistant state public defender was appointed to represent him in seeking relief from the dispositional order. The public defender requested a copy of the record from the clerk of circuit court, pursuant to sec. 967.06, Stats. The clerk of circuit court responded that the circuit court would not allow the record or a copy of the record to be sent to the public defender, but would only allow inspection of the record at the county courthouse. The public defender then sent a letter to the circuit court requesting the release of the record. A few days later, the public defender was

again informed that the circuit court refused to release the record. *Id.* at 448-49, 329 N.W.2d at 276.

The public defender then moved this court for an order requiring the trial court to release the record. This court construed the motion as a petition for a writ of mandamus and ordered the clerk of circuit court and the circuit court to respond. *Id.* at 449, 329 N.W.2d at 276.

S.M.O. maintained that the circuit court's action deprived him of access to documents to which he had a clear legal right under sec. 967.06, Stats. *Id.* The circuit court responded that sec. 967.06 was ambiguous and, therefore, it could not be said that the circuit court violated a positive and "plain" duty in refusing to provide S.M.O. with the record. In the alternative, the circuit court argued, in much the same fashion as the circuit court argues here, that sec. 967.06 was in conflict with the confidentiality provisions of sec. 48.396, Stats., which controlled the release of records in juvenile cases. The circuit court argued further that sec. 48.396 was a specific statute which overrode the more general provisions of sec. 967.06. *Id.* at 450-54, 329 N.W.2d at 277-78.

This court rejected each of these arguments. In rejecting the circuit court's first argument that sec. 967.06, Stats., is ambiguous, this court stated:

> We begin with the premise that the provisions of sec. 967.06, Stats., concerning requesting and transmitting the record, are intended to make the record, which is essential to an informed post-conviction or appellate strategy, easily accessible to the public defender. This is reflected in the fact that the statute makes transmittal mandatory upon request of the public defender. . . .
>
> . . . .

> We think it is clear that sec. 967.06, Stats., provides that upon request, the public defender shall be provided with the record or a copy thereof. The failure of the statute to expressly say this is merely the failure to state the obvious. The context of the statute shows as much.

*Id.* at 451-52, 329 N.W.2d at 277-78.

This court then rejected the circuit court's claim that sec. 967.06, Stats., is overridden by the confidentiality provisions of sec. 48.396(2), Stats.:

> Section 48.396(2), Stats., of the juvenile code provides that court records are not open to inspection or disclosure except by order of the juvenile court. The respondents argue that even if sec. 967.06 allows a public defender to obtain the record, this general rule is overruled by the specific rule of sec. 48.396(2) requiring permission of the juvenile court.
>
> We acknowledge the rule that where a general statute conflicts with a specific statute, the specific statute prevails. *State v. Smith*, 106 Wis. 2d 151, 159, 316 N.W.2d 124, 128 (Ct. App. 1982). However, we disagree with the respondents' characterization of sec. 48.396(2), Stats., as specific and sec. 967.06, Stats. as general.
>
> Section 48.396(2), Stats., provides that records in juvenile cases are closed to anyone without judicial permission. Section 967.06, Stats., provides that in "any case" where a public defender represents an indigent, the public defender may request the preparation and transmittal of "any . . . court record." Section 48.396(2) sets forth the general rule that juvenile records are closed. Section 967.06 sets forth a specific rule which applies to any record in any case in a limited situation—where the public defender is representing an indigent.

Accordingly, sec. 967.06, Stats., takes precedence over sec. 48.396(2), Stats. Furthermore, we do not find this inconsistent with the policy favoring confidentiality of juvenile records. It cannot be seriously argued that an attorney should not have access to a client's record.

In summary, sec. 967.06, Stats., provides a public defender with the right to request and receive the record of an indigent client. It is the duty of the juvenile court clerk to comply with the request and transmit the record to the public defender. While the respondents have exhaustively argued to the contrary, we do not find that duty to be less than clear.

*Id.* at 453-54, 329 N.W.2d at 278-79 (footnote omitted).

In the instant case, the circuit court attempts to distinguish *S.M.O.* by arguing that "there is . . . a world of difference between sec. 48.396(2), providing that all juvenile case records are closed to anyone without judicial permission, and sec. 972.15(4) providing confidentiality only for a presentence investigation report." The circuit court continues:

Plainly . . . sec. 967.06 is readily discernible as the general statute, with sec. 972.15(4) being the specific statute. This is so because sec. 972.15(4) zeroes in or focuses very narrowly and precisely on, only one kind of public record, the presentence investigation report, and . . . makes such record only confidential, and available to the public defender or anyone else, only upon specific authorization of the sentencing court . . . .

In this argument, the circuit court seems to be suggesting that sec. 972.15(4), Stats., is specific because it relates only to presentence reports, whereas sec. 48.396(2), Stats., was held to be general in *S.M.O.*

383

because it relates to all juvenile records. This argument, however, attempts to draw a distinction where there is none. The analysis in *S.M.O.* has nothing to do with the number or specific type of documents requested. Rather, the analysis in *S.M.O.* turns on the question of whether section 967.06 establishes the public defender's right to a copy of any and all records in any case in which it is involved. Under *S.M.O.*, the public defender's right to receive a copy of *any* court record is unambiguously set forth in sec. 967.06, Stats.

Finally, we turn to the circuit court's argument that the petition should actually be filed against the clerk of circuit court and not the circuit court itself. As a practical matter, if the court were to accept this argument, the public defender would be unable to enforce its statutory right to receive a copy of the PSI. In Milwaukee county, the clerk of circuit court does not keep the PSI in the court record; rather, PSIs are stored at the probation and parole office.[2] The clerk can only provide a requesting party a document if it is aware of the document's existence and if it is in the clerk's possession.

If we accepted the circuit court's argument that mandamus under sec. 967.06 is appropriate only as to the clerk of circuit court and not to the circuit court itself, it is hard to see how the public defender could

---

[2] We are familiar with this practice because of the frequent requests made of this court for supplementing appellate records with PSIs. When this court grants those requests, it requires the movant to contact the Milwaukee county probation and parole office and arrange for transmittal of the PSI to the clerk of circuit court. This practice is also reflected in the orders entered by the trial court here, which require the probation and parole office to provide the trial court with the presentence report.

ever compel production of a PSI. If the public defender petitioned for mandamus against the court or the probation and parole office, the respondents would argue there was no statutory duty for them to provide the PSI; if the public defender petitioned against the clerk of circuit court, the clerk of circuit court would not be subject to the writ because it could not provide the public defender a copy of a document not in the record.

Consequently, consistent with the analysis of *S.M.O.*, we hold that sec. 967.06, Stats., unambiguously requires that copies of any and all court records be provided to the public defender appointed as postconviction counsel at the public defender's request. The circuit court's refusal to require the probation and parole office or the clerk of circuit court to provide the public defender with a copy of the PSI report violates the public defender's statutory right to receive copies of any requested documents. Thus, the refusal is a violation of the circuit court's duty.

*By the Court.*—Petition granted. The clerk of circuit court shall obtain and transmit a copy of the presentence investigation report to postconviction counsel immediately upon its receipt of the report from the probation and parole office.