STATE OF NEBRASKA, APPELLEE, V. JOE KRUG, APPELLANT.
192 N. W. 2d 163

Filed December 10, 1971. No. 38086.

David L. Herzog, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal from a sentence to a term of 2 years' imprisonment on a charge of receiving stolen property over the value of $100. The questions at issue are whether there was an unkept plea bargain by the prosecuting attorney and whether the defendant should be

granted leave to withdraw his plea of nolo contendere.

The defendant appeared in court on December 22, 1970, with his own counsel at which time the record shows he was arraigned and fully advised of the nature of the charge against him; the effect of a plea of guilty and the possible penalty; the nature and extent of his constitutional rights, including the right not to testify against himself, the right to a jury trial, compulsory process to witnesses on his behalf, and the right to cross-examine the witnesses; and that a plea of guilty waived these rights. He was told that if he understood all this he could plead either guilty or not guilty.

The defendant's attorney stated because of certain civil implications of the case it was his client's intention to enter a plea of nolo contendere. The court inquired of the defendant if that was his pleasure. The defendant answered: "Yes, sir." The court explained the elements of the offense and that defendant should not enter such a plea unless he felt the State was able to prove its case. The defendant's attorney explained to the court in the presence of the defendant that the prosecution had made its file available to the defense and he felt the State would be able to prove a prima facie case justifying submission to the jury. The court accepted a plea of nolo contendere and added that for purposes of sentencing it was the same as a plea of guilty.

Defendant's counsel had earlier advised the court that he proposed to ask for probation and would request a presentence investigation. The court referred the matter to the probation officer for investigation.

On February 9, 1971, the defendant appeared with his counsel for sentencing. The court advised that he had the presentence report and stated: "I frankly will tell you that it looks to me that probation is out definitely." Defense counsel made a lengthy plea in favor of probation which was founded principally upon an assurance of the defendant's cooperation with the victim of the crime in efforts to secure reimbursement through civil action

from other individuals of a total claimed loss of $20,000 or more but for which the defendant was responsible for only $1,000, $2,000, or $3,000 worth of goods found in his possession. The plea included the statement: "We asked the County Attorney to at one juncture, to make a gesture to the Court that probation be afforded to this defendant because of what we feel would be the inconsistency of putting this man in an institution."

Prosecutor stated among other things: "We had quite a bit of discussion on restitution and probation although I wasn't completely aware of Mr. Krug's background. I guess Dave wasn't either." The prosecutor itemized by truckload values the goods found in the defendant's possession: "$989.86, $422.70, $59.84, $81.74, $187.64," and ended: "Because of my discussions with Dave Herzog on this, I'm not going to make any recommendation whether he get probation or not. I'm afraid I have to put it in your lap, Your Honor."

Right of allocution was afforded and the defendant spoke in his own behalf. The court stated he was taking into consideration that the defendant did not put the State to the expense of a trial and imposed sentence.

On March 12, 1971, the defendant's counsel made an oral motion for leave to withdraw the plea of nolo contendere for the reason the prosecution had agreed to recommend probation and had not done so. No evidence of any kind was presented or offered in support of the motion. The court overruled the motion, stating that he could not consider placing the defendant on probation because the last probation did not do any good. The court pointed out two prior felony convictions of the defendant.

If a defendant's plea of guilty or nolo contendere is made in reliance upon an unfulfilled promise of the prosecutor of a recommendation favorable to the defendant, the courts have generally permitted withdrawal of the plea even after sentencing. See 112 U. Pa. L. Rev. 877, Note 68. This court, in State v. Pitzel, 181 Neb.

176, 147 N. W. 2d 524, said: "Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake, or under a misconception of the nature of the charge through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; when made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

The burden of proof is upon the defendant to show the unfulfilled promise and reliance thereon. People v. Bauman, 131 Cal. App. 2d 595, 281 P. 2d 74; Watts v. United States, 278 F. 2d 247 (D. C. Cir., 1960). It is typically stated that this means the defendant must establish grounds for withdrawal by clear and convincing evidence. People v. Singh, 156 Cal. App. 2d 363, 319 P. 2d 697. There is no such evidence here. The most the record shows is that the matter was discussed.

The defendant makes no showing that he is innocent. This is required by some courts. See 112 U. Pa. L. Rev. 877, Note 74. The record here rather conclusively indicates otherwise. See especially United States v. Paglia, 190 F. 2d 445.

AFFIRMED.