DUDREY, Plaintiff in error, v. STATE, Defendant
in error.

*No. 75–358–CR. Submitted on briefs November 5, 1976.—
Decided November 30, 1976.*
(Also reported in 247 N. W. 2d 105.)

482

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Michael R. Klos*, assistant attorney general.

HANLEY, J. The sole issue on this appeal is whether the trial judge abused his discretion in denying defendant's motion to withdraw the guilty plea.

The withdrawal of guilty pleas before the imposition of sentence has been most recently considered by this court in *State v. McKnight*, 65 Wis.2d 582, 223 N.W.2d 550 (1974), and *Libke v. State*, 60 Wis.2d 121, 208 N.W.2d 331 (1973). In those cases the court applied the legal standard found in sec. 2.1 (b) of the American Bar Association, *Standards Relating to Pleas of Guilty* (approved draft 1968). Under this standard, leave to withdraw a guilty plea should be freely granted prior to sentencing where there is a fair and just reason for doing so presented by the defendant. This court has also emphasized, however, that the withdrawal of a guilty plea is not an absolute right, but is a determination

addressed to the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *State v. McKnight, supra* at 592–93, 223 N.W.2d at 556.

This rule for withdrawal of a guilty plea prior to sentencing is, of course, contrasted with the rule for post-sentence withdrawal where the defendant must show the withdrawal is necessary to correct a manifest injustice. *State v. Reppin,* 35 Wis.2d 377, 151 N.W.2d 9 (1967).

In the instant case, defendant claims he misunderstood the plea bargain and that this is a fair and just reason for withdrawal of his plea. He further argues the trial court did not apply the correct standard to his motion. Upon these claims, defendant contends that the trial court abused its discretion in denying his motion for withdrawal of the guilty plea. We do not agree.

First, as to whether the correct standard was applied, the trial court denied defendant's motion for withdrawal upon a finding that "the defendant fully understood the nature of the negotiated plea and the nature of the proceedings at that time." Rather than an application of an incorrect standard, this language indicates the trial court's disbelief in the claim that he misunderstood the plea bargain. The trial court obviously disbelieved defendant's contention, and in effect found that no reason was offered for withdrawal of the guilty plea. Thus, the record does not show the trial court applied an incorrect standard in denying defendant's motion.

On the basis of this record, we find the trial judge did not abuse his discretion by finding that defendant understood the plea negotiation at the time he entered his guilty plea. The discussions at the time the plea was entered are not ambiguous as to where the defendant's two year sentence was to be served. Immediately prior to the entry of the guilty plea the following discussion took place:

"MR. TILL [Defense Counsel]: May it please the Court, we are pleading guilty based on the plea negotiations of the District Attorney's office.

"MR. CIRILLI [District Attorney]: The negotiated plea was that in the event Mr. Dudrey is brought back for sentencing that the State will recommend not more than two years imprisonment, and that the sentence will run concurrent with any parole and probation revocations.

"THE COURT: Any sentence?

"MR. CIRILLI: Yes.

"THE COURT: Other than parole?

"MR. CIRILLI: Your Honor, the defendant is presently on parole, or on supervision to the Department of Probation and Parole. Now, of course, while on their supervision, if he violates the law they have the right to revoke the supervision, and my recommendation is two years in Waupun, that that run concurrent with any sentence that is imposed.

"THE COURT: Is that your understanding?

"DEFENDANT: That is my understanding."

The trial court then proceeded to examine the defendant as mandated by this court in *Ernst v. State*, 43 Wis. 2d 661, 170 N.W.2d 713 (1969). During the examination the trial judge inquired of the defendant:

"Q. What is your understanding, now, as to the negotiated plea made by your attorney with the District Attorney? What's the District Attorney going to recommend, as far as you are concerned, on your plea of guilty?

"A. That my two years would run concurrent with the Department of Parole.

"Q. That is if you are sentenced to the State Prison, right?

"A. Yes."

The record of this examination also makes clear defendant understood that the negotiations had no effect upon potential confinement at Central State Hospital for treatment under the Sex Crimes Act. The trial judge explained completely the procedure for this type of com-

mitment and informed defendant that such a commitment could perhaps be extended for his entire life. Defendant assured the court that he understood the nature of this commitment. Defendant's counsel further stated he believed defendant understood the nature and implications of his plea of guilty.

The district attorney then presented the factual basis for the plea, and defendant stated he agreed with the facts so presented. The plea was accepted, and defendant was committed for a presentence examination under the Sex Crimes Act.

Defendant's testimony at the hearing on the motion for withdrawal of the guilty plea does not amount to more than an assertion that he misunderstood the plea bargain. Although a misunderstanding of the consequences of a guilty plea is a ground for withdrawal, it must appear that the misunderstanding actually existed. At no time did the defendant assert his innocence of the crime. Such an assertion, although not in itself dispositive, is an important factor, the absence of which militates against withdrawal. The defendant offered no reasons why it was not until almost four months after the plea was entered that he realized he misunderstood the plea bargain. Such a delay, especially where the defendant has assistance of counsel, operates against a conclusion that a plea was entered in haste or confusion. There is no claim here that defendant was without effective counsel at any time.

The defendant also delayed his motion until he had the opportunity to test the weight of potential punishment. *Sherman v. United States*, 383 F.2d 837, 840 (9th Cir. 1967); *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963). Defendant indicated he was dissatisfied with the finding of the Department of Health and Social Services recommending specialized treatment under the Sex Crimes Act. At the hearing on the motion for with-

drawal, defendant stated he understood at the time the plea was entered that he would have to submit to a sex deviate examination, but he did not believe the department would recommend treatment. It was only after this recommendation was made and a jury trial to determine defendant's need for this treatment was pending that defendant decided to withdraw his plea. This would support the inference that defendant, who understood he was subject to the Sex Crimes Act, decided to take his chances on the department's recommendation, and, surprised by the strong likelihood of being committed under the Act, he wished to avoid such commitment by withdrawing his guilty plea. The defendant must show some reason more than a mere desire to have a trial. *Everett v. United States,* 336 F.2d 979, 984 (D.C. Cir. 1964).

Defendant argues that he has offered a more substantial reason to grant withdrawal of his guilty plea than did the defendant in *Libke v. State, supra,* where this court found the defendant's reason to be "fair and just." The facts and circumstances in *Libke,* however, are clearly distinguishable from those of the instant case. In *Libke* it appeared that the pleas were entered in haste and defendant was somewhat confused. The defendant also indicated he had been talked into pleading guilty by his first lawyer. 60 Wis.2d at 129, 208 N.W.2d at 335. Shortly after the pleas were entered in *Libke,* defendant sought new counsel, and a little more than a month after they were entered defendant moved the court for withdrawal. Here the delay was about four months.

The discussions and questioning at the time the plea was entered in this case do not indicate that a sentence of two years outside of prison was contemplated. In addition, defendant never asserted his innocence or offered a reason for the delay in seeking withdrawal of the guilty plea. Certainly the defendant was surprised by his chances for commitment under the Sex Crimes Act.

The record supports the trial court's finding that defendant understood the plea negotiation at the time the plea was entered.

Although withdrawal of guilty pleas before sentencing is to be freely allowed, we conclude that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his plea of guilty.

*By the Court.*—Judgments affirmed.