STATE OF NEBRASKA, APPELLEE, v. RICHARD D. HOLTAN,
APPELLANT.

250 N. W. 2d 876

Filed February 2, 1977.   No. 40638.

Frank B. Morrison, Stanley A. Krieger, David E. Kendall, Peggy C. Davis, and Anthony G. Amsterdam, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant was charged with first-degree-murder in the perpetration of a robbery and with shooting with intent to kill, wound, or maim. He entered a plea of nolo contendere to both counts, was sentenced to death on the first count, and to serve 15 to 45 years on the second count. On appeal the defendant challenges the constitutionality of Nebraska laws pertaining to the death penalty, asserts the statutes were erroneously applied, and claims the death sentence is excessive. We affirm the judgment of the District Court.

The defendant entered the Dugout Bar in Omaha, Nebraska. In the bar were Larry Loder, the bartender, his friend Linda Ulshafer, and Pete Christensen, a patron. The defendant produced a gun, robbed the cash register of a considerable sum of money, herded the three people present into a restroom, ordered Loder to tie the other two, shot and killed Loder, who was struck twice, wounded Linda Ulshafer, and apparently missed Christensen. Four shots were fired.

In general, the questions regarding constitutionality presented have been dealt with in State v. Rust, *ante* p. 528, 250 N. W. 2d 867. They will not again be considered here except in regard to sections 29-2522 and 29-2523, R. R. S. 1943, dealing with aggravating and mitigating circumstances to be considered. Defendant asserts that these sections are vague, indefinite, and

subject to discriminatory application. It is true that section 29-2522, R. R. S. 1943, contemplates the weighing of the aggravating and mitigating factors and a decision on the death penalty according to which type carries the most weight. This is unavoidably a matter of judgment to be determined by the District Court subject to review. Absolute certainty in such matters is unattainable but the provision in Nebraska law for mandatory review in capital cases is a positive safeguard and insures against error.

The defendant was found to fall within the purview of several of the aggravating circumstances set out in section 29-2523 (1), R. R. S. 1943. The first is subsection (a): "The offender was previously convicted of another murder or a crime involving the use or threat of violence to the person, or has a substantial history of serious assaultive or terrorizing criminal activity." The defendant had been previously convicted for armed robbery, first-degree assault, and three times for bank robbery. All these incidents necessarily involved a threat of violence to the person. He asserts that the terms "serious assaultive or terrorizing criminal activity" are vague and indefinite. We cannot agree. The words "serious," "assaultive," and "terrorizing" are words in common usage with meanings well-fixed and generally clearly understood. The term "substantial history" is likewise reasonably clear. "History" refers to the individual's past acts preceding the incident for which he is on trial and "substantial," as here used, refers to an actual, material, and important history of acts of terror of a criminal nature. It does not refer to the particular incident involving the homicide for which he is subject to sentence.

The court found the existence of aggravating circumstances under subsection (b) in that the murder was committed by the defendant in an apparent effort to conceal his identity as the perpetrator. Obviously no other reason for the wanton killing was present.

The crime does not qualify as an aggravating circumstance under subsection (c). It occurred during the commission of a robbery but the primary motivation for the killing was not one for pecuniary gain.

The court found that subsection (d) was also applicable in that the crime was especially heinous, atrocious, cruel, and manifested exceptional depravity by ordinary standards of morality and intelligence. Although torture was not involved, it is clear that this element was applicable. The defendant killed, and attempted to kill, unresisting victims of the robbery. The act was totally and senselessly bereft of any regard for human life.

It was wanton, deliberate, cruel, and inexcusable.

Subsection (f) was properly found applicable. The defendant created a great risk of death to several persons. He fired upon the three victims from close range, actually killing one and wounding another. These facts were all established beyond a reasonable doubt.

In regard to mitigating circumstances enumerated in section 29-2523 (2), R. R. S. 1943, the court found that only subsection (g) existed to a small degree. As to the other parts of (2): (a) Defendant did have a significant history of prior criminal activity. (b) Refers to acts under unusual pressures or influences or under the domination of another person. The provision contemplates only outside pressures, not those created by the defendant's own acts. The only pressure present was that resulting from the willful robbery. (d) The defendant's age was not a consideration. He was not a youth or extremely aged. (e) He was not an accomplice but was the principal and sole participant. (f) The victim did not participate in or consent to his own death. (c) and (g) These factors are referable to the defendant's mental condition. There is no evidence that the robbery, assault, and murder were committed under the influence of extreme mental or emotional disturbance. They were deliberate and wanton acts. The defendant's capacity to appreciate the wrongful-

ness of his acts and to conform to legal requirements was not seriously impaired by mental illness or defect, or intoxication. Psychiatric examinations demonstrated that the defendant had an unstable, sociopathic personality but was not psychotic. He acted on impulse but was aware of the difference between right and wrong.

Defendant asserts that mitigating factors (2) (a), (c), and (d), are void as being vague and indefinite. In regard to (2)(c), he maintains that what constitutes "extreme mental or emotional disturbance" is insufficiently defined. The term "mental or emotional disturbance" is one commonly used and understood. Presumably defendant refers to the degree of such disturbance as indicated by the word "extreme." The meaning of the word as commonly used and as defined in Webster's Third New International Dictionary (Unabr.), p. 807, is existing in the highest or the greatest possible degree, very great, intense, or most severe. (2) (a) is challenged on the ground that the words "significant history" are ambiguous. The term does not refer to a slight or inconsequential history of criminal activity but rather to an important, notable, or meaningful history. (2)(d) is criticized because it does not fix the age to be considered or the relative importance of various ages. Again a hard and fast rule would tend to defeat the ends of justice. Youth or extreme age are suggested for consideration but the term is necessarily relative as it must be considered in the light of varying conditions. See State v. Stewart, *ante,* p. 497, 250 N. W. 2d 849. Two young persons of the same age may vary greatly in mental and physical development, experience, and criminal tendencies.

In regard to the constitutional challenges advanced there are several pertinent rules to be considered.

"Penal statutes should be construed so as to give effect to the plain meaning of the words employed, and where of doubtful meaning, or application, the court

should adopt the sense that best harmonizes with the context and the apparent policy and objects of the Legislature." State v. Reich, 186 Neb. 289, 183 N. W. 2d 223.

"Although a penal statute is required to be strictly construed, it should be given a sensible construction and general terms therein should be so limited in their construction and application so as not to lead to injustice, oppression, or an absurd consequence." State v. Lewis, 184 Neb. 111, 165 N. W. 2d 569.

A careful review of this record reveals that the three-judge sentencing panel gave careful consideration to all aggravating and mitigating factors pertaining to this offense and correctly concluded that the aggravating factors considerably outweighed the mitigating factors. The sentence imposed cannot be held to be improper or excessive under the law.

We find that the several provisions of the challenged statutes are clear and unequivocal, not vague and indefinite. Nevertheless, in order to pin the various terms down beyond any chance for misconception, we have further clarified each of the terms criticized by the defendant. In the light of the statutes themselves and the rules above mentioned dealing with constitutionality, we find the statutes to be constitutional and valid.

The judgment of the District Court is affirmed.

AFFIRMED.