STATE OF NEBRASKA, APPELLEE, v. RICHARD D. HOLTAN, APPELLANT.

344 N.W.2d 661

Filed February 24, 1984. No. 83-393.

J. William Gallup, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

In embarking upon our review of this case, we note at the outset that this appeal presents to the court the very narrow question of whether the action of the district judge in denying to the appellant, Richard D. Holtan, the right to withdraw his previously entered plea of nolo contendere constituted an abuse of discretion. We believe that the district court's action did not constitute an abuse of discretion, and we affirm the action of the district court in denying the request.

This is the third appearance of this case before this court. In the first case, *State v. Holtan*, 197 Neb. 544, 250 N.W.2d 876 (1977) (*Holtan I*), we affirmed the judgment of the district court which

found Holtan guilty of first degree murder in the perpetration of a robbery and of shooting with intent to kill, wound, or maim. Holtan had entered a plea of nolo contendere to both counts and was sentenced to death on the first count and to serve 15 to 45 years on the second count. The specific facts of the case are set out in detail in *Holtan I* and need not be repeated here.

In the second case, *State v. Holtan*, 205 Neb. 314, 287 N.W.2d 671 (1980) (*Holtan II*), we affirmed the trial court's denial of a motion seeking post conviction relief under the provisions of the Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). Holtan then filed an action in the U.S. District Court for the District of Nebraska, seeking a writ of habeas corpus. The U.S. District Court for the District of Nebraska, Urbom, Chief Judge, denied Holtan's request for federal habeas corpus in an unreported memorandum decision (CV 81-L-07, October 10, 1981). Holtan appealed that denial to the U.S. Court of Appeals for the Eighth Circuit. Because the court of appeals vacated the judgment of the U.S. District Court and remanded the matter for further proceedings, we are now presented with this appeal. See *Holtan v. Parratt*, 683 F.2d 1163 (8th Cir. 1982) (*Holtan III*).

In his action to the U.S. District Court and the subsequent appeal to the court of appeals in *Holtan III*, Holtan alleged a number of errors. The single issue considered by the court of appeals was whether Holtan was denied effective assistance of counsel when his court-appointed attorney did not request permission of the district court for Douglas County, Nebraska, to withdraw his previously entered plea of nolo contendere. More specifically, however, the court of appeals stated that it could not determine with certainty whether the district court for Douglas County would have favorably entertained Holtan's motion to withdraw his previously entered plea, and for that reason vacated the judgment of the U.S. Dis-

trict Court so as to afford the district court for Douglas County an opportunity to consider an appropriate motion by Holtan to withdraw his plea of nolo contendere. That motion was subsequently made by Holtan, considered by the district court for Douglas County, and denied. It is from that denial that this appeal was taken.

The right to withdraw a plea previously entered is not absolute, and in the absence of a clear abuse of discretion exercised by the trial judge, will not be disturbed on appeal. See *State v. Miller*, 202 Neb. 443, 275 N.W.2d 614 (1979). It would not be proper as a matter of right for a trial judge to permit the withdrawal of a plea of guilty or nolo contendere which was knowingly, intelligently, and voluntarily made unless such withdrawal is necessary to correct a manifest injustice. See, *State v. Evans*, 194 Neb. 559, 234 N.W.2d 199 (1975); *State v. Johnson*, 187 Neb. 26, 187 N.W.2d 99 (1971). The burden is on the defendant to establish the manifest injustice by clear and convincing evidence. See, *State v. Krug*, 187 Neb. 551, 192 N.W.2d 163 (1971); *State v. Miller, supra*.

What is "manifest injustice" has been determined previously by this court. In *State v. Evans, supra*, we adopted a portion of the ABA Standards Relating to Pleas of Guilty (Approved Draft 1968), including the definition of "manifest injustice." In adopting that portion (§ 2.1) of the ABA Standards, we said in *State v. Evans* at 562, 234 N.W.2d at 201: " '(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

" '(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

" '(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

" '(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence

actually imposed could be imposed; or

" '(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose those concessions as promised in the plea agreement. . . .' " The record in this case is clear beyond any question that items (2), (3), and (4) do not exist. Therefore, only item (1), ineffective assistance of counsel, need be considered. We review that item in two aspects: before the entry of the plea and before the imposition of the sentence. We do this because it appears to us that if Holtan had effective assistance of counsel when initially entering his plea, all of the requirements of the ABA Standards defining "manifest injustice" would be met and Holtan's right to withdraw his plea would be a matter of discretion with the court instead of a matter of right in Holtan.

An examination of the entire record, of our previous decisions, and of the decision by the court of appeals makes it clear beyond question that Holtan was not denied effective assistance of counsel prior to the time he entered his plea of nolo contendere. The federal District Court found, in connection with its resolution of this question, that Holtan's nolo contendere plea was not entered into as a result of any ineffective assistance of counsel, but, rather, because Holtan insisted on entering the plea as a result of a mistaken impression on his part that by entering the plea he could avoid confronting a certain prosecution witness and, thus, hopefully avoid the death penalty. There is no evidence that anyone told him anything that would lead him to that conclusion, but only that he mistakenly believed that to be so. And, indeed, the court of appeals observed in *Holtan III* at 1170 that "when Holtan entered his plea, the trial court entered into an extensive colloquy with the defendant, covering forty pages of transcript, and did a commendable job both of informing Holtan of the

consequences of the plea and of satisfying itself that Holtan understood these consequences.

. . . .

"This court nevertheless observes that although the plea was entered into under a mistaken impression on Holtan's part, and although the trial court did not uncover this mistake at the time the plea was entered, the mistake was not the result of ineffective assistance on the part of counsel, or of any misconduct on the part of the prosecution, and the trial court's investigation of the voluntariness of the plea was clearly adequate. In these circumstances, we are unable to state that Holtan was entitled to withdraw his plea as a matter of right."

We wholly concur in the observation made by the court of appeals. On the basis of the record made in this case, we are able to say as a matter of law that there was no evidence of a manifest injustice as contemplated by our holding in *State v. Evans, supra,* and Holtan was not entitled to withdraw his previous plea of nolo contendere made knowingly, intelligently, and voluntarily.

Therefore, if he has any right to withdraw the plea it must be because of the second part of the ABA Standards adopted by us in *State v. Evans* at 563, 234 N.W.2d at 201. The second portion provides: " '(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.' "

Therefore, in order for us to reverse the action of the trial judge in the instant case, we must first find that there was some fair and just reason for permitting Holtan to withdraw his plea and that the trial court therefore abused its discretion. We do not be-

lieve the record will support that position. Notwithstanding the fact that Holtan was advised of the consequences of his plea and that by entering a plea of nolo contendere he was waiving all of his rights and subjecting himself to the possible penalty of death by execution, he nevertheless freely, knowingly, and intelligently entered that plea. He now maintains that had he known that a live witness could appear at the sentencing hearing he would not have entered such a plea. His argument, however, is without any sense. Holtan knew that his counsel had been unsuccessful in efforts to get any prior agreement about the sentence, and he further knew that by entering a plea of nolo contendere he was subjecting himself to the possibility of having the death sentence imposed. Moreover, and perhaps more importantly, had Holtan not entered his plea of nolo contendere he would have been required to confront the witness whom he sought to avoid. Therefore, whether he entered a plea of nolo contendere or did not enter a plea of nolo contendere would not have prevented the appearance of the witness Holtan sought to avoid. Holtan was no novice to the criminal courtroom, and he knew that the trial judge would make an investigation into the nature of the crime.

One of Holtan's earlier claims of error was that his court-appointed counsel should have subpoenaed witnesses from the State of Washington who could have testified as to his good character. He knew witnesses could be called after a plea and before the imposition of a sentence. If he could call witnesses of good character, he had to understand that the State could call witnesses regarding bad character, including the witness he sought to avoid. See *Holtan II*.

Further, he knew that because of the nature of the crime and the callous way in which the victim was killed, there was at least the possibility of the death penalty being imposed. To therefore suggest that

refusing to permit Holtan to withdraw his plea of nolo contendere because he did not realize that a witness might appear at the sentencing hearing constitutes fair and just reason is to attempt to give a meaning to "fair and just reason" beyond any reason. Holtan has simply failed to establish any fair and just reason for withdrawing his plea, and the trial court was not in any manner guilty of an abuse of discretion in so holding.

The court of appeals, in vacating the judgment entered by the U.S. District Court, concluded by saying: "Consequently, we cannot conclude with certainty that Holtan would have been allowed to withdraw his plea if a request for such withdrawal had been timely made." *Holtan III* at 1170. At Holtan's request the world has been set back in time, and he has been permitted to make that request to the very same judge who accepted his plea in the first instance and to whom his subsequent request would have been made. Upon consideration of the record the trial judge has now determined that had the request been made to him then he would have denied it, as he now denied it. No evidence of an abuse of discretion under the circumstances can be found. Finding no abuse of discretion, we must conclude the action of the trial court was correct, and the judgment denying Holtan's request must be affirmed.

AFFIRMED.

SHANAHAN, J., concurring in the result.

The reason for affirming the judgment of the trial court is not mutuality of prospective testimony as indicated in the majority opinion, that is, if Holtan could call favorable witnesses at the sentence hearing, then the State could call witnesses adverse to Holtan for such hearing.

The trial court fully explained the consequences of Holtan's plea of nolo contendere, including the possible imposition of the death penalty for the execution-type murder committed by Holtan during a robbery

and shooting in which one died but two victims survived. See *State v. Holtan*, 197 Neb. 544, 250 N.W.2d 876 (1977).

After the court's explanation and without any comment by the court or representation by the prosecution about any sentence hearing, Holtan entered his plea. Holtan's plea was prompted by his miscalculation that a surviving victim of the shooting would not testify at the sentence hearing. At some point between conviction upon his plea but before sentencing and as a result of concern about sentencing (presumably the possible appearance of a surviving victim at such hearing), Holtan alleges he instructed his attorney to request withdrawal of Holtan's plea, but no such request was made.

In the federal habeas corpus proceedings the circuit court was concerned that, when Holtan entered his plea, there was no reference to possible testimony from surviving witnesses at a sentence hearing, namely, "at no time during this colloquy did the parties or the court discuss the possibility that witnesses to the shooting could and would testify at the sentence hearing." *Holtan v. Parratt*, 683 F.2d 1163, 1170 (8th Cir. 1982). The federal court then wondered whether the missing mention of possible witnesses at the sentence hearing was a suitable basis for allowing Holtan to withdraw his plea under Nebraska law.

At the time of Holtan's plea Nebraska law provided: "In the proceeding for determination of sentence, evidence may be presented as to any matter that the court deems relevant to sentence, and shall include matters relating to any of the aggravating or mitigating circumstances set forth in section 29-2523. Any such evidence which the court deems to have probative value may be received. The state and the defendant or his counsel shall be permitted to present argument for or against sentence of death. . . ." Neb. Rev. Stat. § 29-2521 (Reissue 1979).

Nebraska has adopted the ABA Standards Relat-

ing to Pleas of Guilty (Approved Draft 1968). These standards provide: "2.1 Plea withdrawal. . . . (b) . . . Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

Withdrawal of a guilty plea before imposition of sentence should be freely granted in order to protect a defendant's right to a jury trial for determination of guilt or innocence. See, *Kadwell v. United States*, 315 F.2d 667 (9th Cir. 1963); *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975).

Underlying a request to withdraw a guilty plea, there must be a fair and just reason and not a mere desire to have a trial. See, *Dudrey v. State*, 74 Wis. 2d 480, 247 N.W.2d 105 (1976); *Everett v. United States*, 336 F.2d 979 (D.C. Cir. 1964). "Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but 'a grave and solemn act' which is 'accepted only with care and discernment.' " *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975).

Although a defendant is not required to allege innocence in order to request withdrawal of a guilty plea, the reason for the request to withdraw a plea must be reasonably related to the existence of a defendant's guilt or innocence. See, ABA Standards, *supra* § 2.1(a) (iii); cf. *United States v. Needles*, 472 F.2d 652 (2d Cir. 1973).

The issue in this case involves a hypothetical and becomes: If a timely request had been presented to the trial court, would Holtan have been allowed to withdraw his plea of nolo contendere? Before that question can be answered, there is a preliminary question presented, namely, Does a defendant have

a protected right of expectation in the quantity of adverse information which can be presented at a sentence hearing?

Before conviction, the defendant's voice—and his alone—dictates the course of action for determination of guilt or innocence, i.e., to plead guilty or stand trial. If the defendant chooses to give up his right to a trial, especially a jury trial, unreasonableness or inequity producing the plea are reasons for allowing a defendant to withdraw a guilty plea. However, after conviction upon a defendant's plea there is another voice to be heard—society's expressed sanction for commission of the crime. In our system of criminal justice and for imposition of an appropriate sentence upon conviction, the sentencing judge, and in this case the three-judge panel convened pursuant to Neb. Rev. Stat. § 29-2520 (Reissue 1979), must have as much relevant information as possible for determination of a suitable sanction for criminal conduct, that is, an appropriate penalty to fit the offender. See *Neely v. State*, 47 Wis. 2d 330, 177 N.W.2d 79 (1970).

Relevant information for a sentencing court should include facts of the crime itself and facts which tend to aggravate or mitigate the offense. See *People v. Schleyhahn*, 4 Ill. App. 3d 591, 281 N.E.2d 409 (1972). Testimony from an eyewitness is quite essential in an accurate description of the crime and, therefore, is necessary for a sentencing court's clear understanding of the circumstances surrounding commission of the crime. Cf. *State v. Leckis*, 79 N.J. Super. 479, 192 A.2d 161 (1963) (in reference to a "good presentence report" containing interviews of witnesses).

If Holtan were allowed to withdraw his plea because adverse information moved from mere possibility to probability, then our procedure for determining criminal penalties would become ironically undermined by efficient accumulation and presentation of *all* relevant information bearing upon the na-

ture and extent of the penalty to be imposed. The incongruity in that situation is found in the equation: Allowance to withdraw a presentence guilty plea is in direct proportion to the prospective quantity of adverse information presentable at a sentence hearing. Recognition of that ratio as a reason to allow withdrawing a guilty plea frustrates reasonably expeditious finality of proceedings as one of the objectives of our criminal justice system.

Courts have repeatedly held that expected but unreceived leniency not indicated by the court or promised by the prosecution or a harsher sentence than anticipated are not reasons for allowing a defendant to withdraw a guilty plea after sentencing. See, *Dudrey v. State*, 74 Wis. 2d 480, 247 N.W.2d 105 (1976); *United States v. Maggio*, 514 F.2d 80 (5th Cir. 1975); *State v. Hanson*, 627 P.2d 53 (Utah 1981); *State v. Pettigrew*, 284 S.E.2d 370 (W. Va. 1981).

At a sentence hearing a defendant can question, contradict, or explain adverse information presented by the State. Such procedure ensures the basic fairness required in the criminal justice system. However, a defendant having received a sentence more harsh than expected is not allowed to withdraw a plea of guilty because a defendant "chose to test the water and found it too fervid." *United States v. Prince*, 533 F.2d 205, 209 (5th Cir. 1976). By analogy to *Prince*, in a presentence situation a defendant cannot be allowed to withdraw a guilty plea simply because the prospective adverse information indicates that the water is deeper than a defendant has calculated.

In conjunction with a defendant's guilty plea, a court should not be required to foretell the quantity, quality, or source of potentially damaging information presentable at a sentence hearing. To require a court to forecast the contents of a sentence hearing would only open avenues of alleged judicial error if the prediction did not materialize. That could hardly be called a system, much less justice.

In the absence of some expectancy founded on a comment by the court or promise by the prosecution, a defendant does not have a protected right of expectation in the quantity of adverse information which can be presented at a sentence hearing.

Holtan's request for withdrawal of his plea, had such a request been timely made, presented no fair and just reason to the trial court for allowing the plea to be withdrawn. In the absence of any fair and just reason presented to the trial court for withdrawal of the plea, we need not consider the presence or absence of substantial prejudice to the prosecution regarding withdrawal of Holtan's plea. Cf., *United States v. Rasmussen*, 642 F.2d 165 (5th Cir. 1981); *United States v. Rodriguez-DeMaya*, 674 F.2d 1122 (5th Cir. 1982).

Under the circumstances, had Holtan's request for withdrawal of his plea been submitted to the trial court, there would have been no abuse of discretion in denying such request.