Richard Dean HOLTAN, Appellee,

v.

Charles BLACK, as Warden of the Nebraska Penal and Correctional Complex, Appellant.

Richard Dean HOLTAN, Appellant,

v.

Charles BLACK, as Warden of the Nebraska Penal and Correctional Complex, Appellee.

Nos. 86–2456, 86–2519.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1987.

Decided Feb. 4, 1988.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellant.

Timothy K. Ford, Seattle, Wash., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

LAY, Chief Judge.

The petitioner is under a Nebraska death sentence arising from a murder that took place on October 31, 1974, in Omaha, Nebraska. Holtan was convicted of first degree murder on February 9, 1976. His conviction was affirmed by the Supreme Court of Nebraska. *See State v. Holtan,* 197 Neb. 544, 250 N.W.2d 876, *cert. denied,* 434 U.S. 912, 98 S.Ct. 313, 54 L.Ed.2d 198 (1977). He later moved for post-conviction relief, but this was denied by the trial court and the order of denial was affirmed on appeal. *State v. Holtan,* 205 Neb. 314, 287 N.W.2d 671 (with Krivosha, C.J., dissenting), *cert. denied,* 449 U.S. 891, 101 S.Ct. 250, 66 L.Ed.2d 117 (1980).

Thereafter petitioner sought habeas corpus relief in the federal district court. The district court denied relief although it acknowledged, as the State conceded, that at Holtan's sentencing hearing, his motion to withdraw his nolo contendere plea had not been submitted by his counsel as petitioner had requested. Nonetheless the federal district court denied the writ of habeas corpus on the ground that no prejudice had been shown. On appeal this court conditionally granted the writ of habeas corpus subject to the state court's entertaining petitioner's motion to withdraw his plea. *Holtan v. Parratt,* 683 F.2d 1163, 1171 (8th Cir.1982), *cert. denied,* 459 U.S. 1225, 103 S.Ct. 1231, 75 L.Ed.2d 466 (1983). Holtan then filed a motion to withdraw his plea and this motion was denied. The Nebraska Supreme Court affirmed the trial court's denial. *State v. Holtan,* 216 Neb. 594, 344 N.W.2d 661 (1984).

Petitioner then brought a second petition for a writ of habeas corpus in federal court. Judge Urbom issued a conditional writ of habeas corpus pending this appeal on the grounds that a segment of the Nebraska death penalty sentencing statute was unconstitutional as applied [1] and that the three-judge sentencing panel failed to determine whether the State had demonstrated aggravating circumstances *beyond a reasonable doubt.* On this appeal the State of Nebraska concedes that a remand is necessary to have the state trial court determine whether the State has carried its burden of proof to show aggravating circumstances to exist beyond a reasonable doubt thereby justifying the death penalty. In a companion case to *State v. Holtan,* 197 Neb. 544, 250 N.W.2d 876 (1977), the Supreme Court of Nebraska held that aggravating circumstances under Neb.Rev. Stat. § 29–2523 had to be established beyond a reasonable doubt. *State v. Simants,* 197 Neb. 549, 560, 250 N.W.2d 881,

---

1. The federal district court found Neb.Rev.Stat. § 29–2523(1)(d) (1985) was constitutionally infirm as applied in Holtan's case because of the lack of consistency in its application by the Nebraska Supreme Court. *Richard Dean Holtan v. Charles Black,* CV84–L–393, slip op. at 29 (D. Neb. June 25, 1986) [Available on WESTLAW, 1986 WL 12479]. *Cf. State v. Rust,* 197 Neb. 528, 250 N.W.2d 867 (aggravating circumstances under § 29–2523(1)(d) did not exist where bank robber repeatedly shot helpless ci-

vilian who was assisting police), *cert. denied,* 434 U.S. 912, 98 S.Ct. 313, 54 L.Ed.2d 198 (1977); *State v. Stewart,* 197 Neb. 497, 250 N.W.2d 849 (1977) (Defendant, who came "prepared to defend himself" with a gun, shot van driver at point blank range in the back of the head. Defendant also shot second victim in the eye. Afterwards defendant set fire to the van in order to cover up the murder and shooting: Neb.Rev.Stat. § 29–2523(1)(d) held not to apply).

888, *cert. denied*, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158 (1977); *State v. Stewart*, 197 Neb. 497, 523, 250 N.W.2d 849, 864 (1977).

The State of Nebraska appealed urging the federal district court erred in holding Neb.Rev.Stat. § 29–2523(1)(d) unconstitutional as applied to Holtan.[2] Holtan cross-appealed asserting various other alleged errors some of which have been passed upon by this court in its prior opinion and some of which have not.

■ We vacate the portion of the district court's opinion holding that the application of the Nebraska statute unconstitutional. We do so because the issue is not ripe for review.[3] As the State concedes, the sentencing panel's failure to ascertain whether the State had demonstrated aggravating circumstances beyond a reasonable doubt requires this case to be remanded. Upon review of the record the state tribunal may hold that the State of Nebraska had not sustained its burden of proof. If the State failed to carry its burden then Holtan could not be sentenced under Neb. Rev.Stat. § 29–2523(1)(d).

■ On this basis, we abstain from passing on the other issues raised by the appeal or cross-appeal. With one exception, all of these issues are intertwined with the state court's death sentence.[4] Our order is without prejudice to any further review and adjudication of these issues by the district court or this court in the event the state court once again invokes the death penalty. Affirmed in part and reversed in part; the cause is remanded.

2. Neb.Rev.Stat. § 29–2523(1)(d) reads:
   > The aggravating and mitigating circumstances referred to in sections 29–2521 and 29–2522 shall be as follows:
   >   (1) Aggravating Circumstances:
   > \* \* \* \* \* \*
   >   (d) The murder was especially heinous, atrocious, cruel, or manifested exceptional depravity by ordinary standards of morality and intelligence \* \* \*.

3. Federal courts must avoid passing upon constitutional questions unless they are essential to the disposition of the issues before them. *Three Affiliated Tribes v. Wold Engineering*, 467 U.S. 138, 157, 104 S.Ct. 2267, 2278–79, 81 L.Ed.2d 113 (1984) ("It is a fundamental rule of judicial restraint \* \* \* [courts] will not reach constitutional questions in advance of necessity of deciding them."); *Cody v. Hillard*, 830 F.2d 912, 919 (8th Cir.1987) (Lay, C.J., dissenting) ("This rule has been stated innumerable times; its roots are almost as old as the federal courts themselves." (citing *Hayburn's Case*, 2 U.S. (2 Dall.) 408, 409, 1 L.Ed. 436 (1792))).

4. Petitioner does raise in his habeas corpus petition the unrelated question as to whether the state trial court properly entertained his motion to withdraw his nolo contendere plea upon remand from our first opinion. On remand the trial court entertained the motion but found that petitioner had failed to show any manifest injustice entitling him to withdraw his plea. On appeal to the Nebraska Supreme Court, petitioner asserted that the state trial court failed to exercise its discretion in determining whether there was a fair and just reason for allowing him to withdraw his plea. The Nebraska Supreme Court acknowledged the trial court's failure but found no prejudice because no fair and just reason had been shown. *State v. Holtan*, 216 Neb. at 599–600, 344 N.W.2d at 665. The court reasoned that the withdrawal of the plea would result in his confrontation of the witnesses, the very situation he was trying to avoid. The court said this was "without any sense." *State v. Holtan*, 216 Neb. at 600, 344 N.W.2d at 665. Although we think this manifests an apparent misunderstanding of petitioner's reasoning in entering into the plea (in that it was the death penalty petitioner was trying to avoid and not the confrontation of witnesses) we nonetheless cannot pass upon the state court ruling. What may constitute a fair and just reason to withdraw a plea is an issue of state law and is not justiciable in a federal habeas claim. We note in passing, however, that the trial court did not exercise its discretion as to whether the plea could be withdrawn. Because of the confusion over Holtan's motions for entering and withdrawing his nolo contendere plea, petitioner is at liberty on remand to once again move to withdraw his plea. Whether the state court will allow him to do so is a matter for its consideration alone. The trial court is free to grant or deny the motion. Suffice it to say it is not presently a federal question.