STATE OF NEBRASKA, APPELLEE, V.
RAUL MOLINA-NAVARRETE, APPELLANT.
739 N.W.2d 771

Filed September 25, 2007.    No. A-06-1362.

Michael D. Nelson and Cathy R. Saathoff, of Nelson Law, L.L.C., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and SIEVERS and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Following a guilty plea, Raul Molina-Navarrete was convicted in the district court for Dawson County, Nebraska, of attempted possession of a controlled substance and was sentenced to a term of imprisonment with full credit for time served. Molina-Navarrete thereafter filed a motion to vacate his conviction, asserting that the district court failed to properly advise him of the potential immigration consequences of his conviction as required by Neb. Rev. Stat. § 29-1819.02(2)

(Cum. Supp. 2006). Molina-Navarrete appeals from the denial of his motion to vacate. Finding no abuse of discretion in the district court's denial of the motion to vacate, we affirm.

## BACKGROUND

On April 14, 2006, pursuant to a plea agreement, Molina-Navarrete pled guilty to an amended information charging him with attempted possession of a controlled substance, methamphetamine, a Class I misdemeanor. At the plea hearing, the district court advised Molina-Navarrete of his constitutional rights, the possible penalties, and the effect of his plea. The court also advised Molina-Navarrete as follows:

> In addition, if you are not a United States citizen, any conviction of this offense may have the consequence of causing you to be removed from the United States; that is, deported or denied naturalization of the laws of the United States. Do you understand all of the penalties?

Molina-Navarrete, via his interpreter, responded "[y]es" to the above question. The court then asked Molina-Navarrete whether, after listening to the penalties he faced, he still wanted to plead guilty, to which Molina-Navarrete again responded "[y]es."

After further inquiry by the court into the voluntariness of the plea and a factual basis was given, the district court found beyond a reasonable doubt that a factual basis existed for the plea; that Molina-Navarrete understood his constitutional and statutory rights, the nature of the charges, the possible penalties, and the effect of his plea; and that he made his plea freely, voluntarily, knowingly, and intelligently.

Molina-Navarrete thereafter waived presentence investigation and asked to be sentenced immediately. Molina-Navarrete's attorney made the following statement during the sentencing phase:

> All the information we've been getting from immigration attorneys says that even though this was reduced to a misdemeanor, it's going to make no difference to immigration. He's going to be treated the same as a felon and almost certainly going to be taken into [Immigration and Customs Enforcement] custody and deported hereafter.

The district court sentenced Molina-Navarrete to 260 days in jail, with credit for all time served, which was 263 days. The

district court then advised Molina-Navarrete that "[i]f you are held in jail after today, it is because the Immigration Customs Enforcement office is holding you there."

On July 17, 2006, Molina-Navarrete filed a motion to vacate judgment, seeking to withdraw his guilty plea. Molina-Navarrete alleged that as a direct result of the guilty plea, he became ineligible for admission to the United States, pursuant to the Immigration and Nationality Act. See 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2000). Molina-Navarrete further alleged that he was not advised at any stage of the proceedings by the court, the State, or his counsel of the immigration consequences of his guilty plea. Molina-Navarrete alleged that as a result, he was unable to enter a knowing, voluntary, and intelligent plea. Pursuant to § 29-1819.02(2), Molina-Navarrete sought vacation of the judgment of conviction and permission to withdraw his guilty plea.

At the hearing on Molina-Navarrete's motion, held on October 27, 2006, the court received as an exhibit the transcript from the plea and sentencing hearing on April 14, 2006. Molina-Navarrete thereafter testified that if his conviction is not set aside, he will be deported. He also testified that he relied upon the court's advisement prior to entering his guilty plea. Molina-Navarrete's counsel then asked the court to take judicial notice of titles 8 and 21 of the U.S. Code, "[i]mmigration [s]tatutes dealing with removal and deportation" and "controlled substance offenses," in order to determine whether there are immigration consequences as a result of the conviction in this case. The court agreed to take judicial notice of the statutes and took the matter under advisement.

On November 15, 2006, the district court entered an order denying the motion to vacate judgment. The district court rejected Molina-Navarrete's argument that because the court's advisement did not match the exact words of § 29-1819.02(1), he should be allowed to withdraw his plea. The district court found that under the totality of the circumstances, Molina-Navarrete was aware of the possible consequence of deportation or denial of naturalization under the laws of the United States at the time he entered his guilty plea and that the warning required

by § 29-1819.02(1) was given. Molina-Navarrete timely appeals from this order.

## ASSIGNMENT OF ERROR

Molina-Navarrete asserts that the district court erred by finding that the advisement set forth in § 29-1819.02 is not required to be given verbatim.

## STANDARD OF REVIEW

A ruling on a withdrawal of a plea will not be disturbed on appeal absent an abuse of discretion. See, *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002); *State v. Holtan*, 216 Neb. 594, 344 N.W.2d 661 (1984).

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Petty*, 269 Neb. 205, 691 N.W.2d 101 (2005).

## ANALYSIS

Molina-Navarrete argues that the district court abused its discretion when it denied his motion to vacate judgment and allow for withdrawal of his guilty plea by finding that he was properly advised of the possible immigration consequences.

We must first discuss the question of the burden required of the defendant in establishing entitlement to a withdrawal of a guilty plea *after* sentencing. The vast majority of cases address withdrawal of a plea *prior* to sentencing and hold that after the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance upon the plea. See, *State v. Schneider, supra*; *State v. Roeder*, 262 Neb. 951, 636 N.W.2d 870 (2001); *State v. Carlson*, 260 Neb. 815, 619 N.W.2d 832 (2000); *State v. Wetherell*, 259 Neb. 341, 609 N.W.2d 672 (2000); *State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987).

However, with respect to withdrawal of a plea of guilty or nolo contendere *after* sentencing, the Nebraska Supreme Court has recognized that withdrawal is proper only where it is

necessary to correct a manifest injustice. See, *State v. Minshall, supra*; *State v. Holtan, supra*. The burden is on the defendant to establish the manifest injustice, justifying such withdrawal by clear and convincing evidence. *State v. Holtan, supra.*

Because Molina-Navarrete filed his motion to withdraw his guilty plea after his sentencing, we review this appeal to determine whether he met his burden of establishing, by clear and convincing evidence, that withdrawal of the plea is necessary to correct a manifest injustice.

Section 29-1819.02 provides in part:

> (1) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:
>
> IF YOU ARE NOT A UNITED STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
>
> (2) Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section. If, on or after July 20, 2002, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on the defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty.

Molina-Navarrete argues that a plain reading of the statute, together with the fact that the advisement language is contained in a blocked paragraph with text written in capitalization, makes it clear that the Legislature intended that the verbatim language must be read to a defendant prior to a guilty plea. Because the

district court's advisement did not exactly match the statutory language, Molina-Navarrete argues that his judgment of conviction must be vacated and that he should be allowed to withdraw his plea of guilty.

This statute has not been directly addressed by appellate courts in Nebraska. Molina-Navarrete argues that the case of *State v. Douangmala*, 253 Wis. 2d 173, 646 N.W.2d 1 (2002), is instructive. Wisconsin's advisement statute is essentially the same as that of Nebraska. In *Douangmala*, the defendant was not advised by the court of the immigration consequences of his conviction, although there was evidence that he knew the consequences. The Wisconsin Supreme Court held that the defendant had a right to withdraw his guilty plea, regardless of whether he was aware of the deportation consequences at the time of the plea. The court noted that the statute was a clear directive and that it "'not only commands what the court must personally say to the defendant, but the language is bracketed by quotation marks, an unusual and significant legislative signal that the statute should be followed to the letter.'" *Id.* at 182, 646 N.W.2d at 5. The court went on to hold that because "the [lower] court did not advise the defendant in any manner regarding the deportation consequences of entering a plea of no contest," the defendant must be permitted to withdraw his plea. *Id.* at 192, 646 N.W.2d at 10.

We find that *Douangmala* is clearly distinguishable from the case at hand, in that Molina-Navarrete was given the statutory advisement, albeit with a few minor wording changes. Specifically, the only differences between the district court's advisement and the exact statutory language were that the district court did not use the words "you are hereby advised," used the words "causing you to be removed" instead of "removal from," used the words "deported or denied naturalization" instead of "denial of naturalization," and failed to include "pursuant to" prior to "laws of the United States." We conclude that these minor language differences are inconsequential and that Molina-Navarrete was properly advised of the immigration consequences of his plea as required by § 29-1819.02.

It is also clear from a review of the plea and sentencing hearing that Molina-Navarrete did not bring himself within

the manifest injustice standard. The only reason he advances for entitlement to a withdrawal of his plea is that the district court did not read the statutory advisement verbatim. Molina-Navarrete does not assert that the plea was involuntary or was entered without knowledge of the charge or the potential sentences and consequences. In fact, the record shows that in addition to receiving and acknowledging his understanding of the court's statutory advisement, Molina-Navarrete was aware of the immigration consequences of the plea. We therefore conclude that there was no evidence of manifest injustice entitling Molina-Navarrete to withdraw his plea, which was made knowingly, intelligently, and voluntarily. The district court did not abuse its discretion in overruling the motion to vacate.

## CONCLUSION

Finding no abuse of discretion in the district court's denial of the motion to vacate Molina-Navarrete's conviction pursuant to § 29-1819.02, we affirm.

AFFIRMED.